# Johnson *v.* Parkinson *et al.*

*Bill in Equity for Relief against Fraudulently altered Note, &c.*

1. *Bill; what multifarious.*—A bill which seeks relief against a note made by complainant, and fraudulently altered without his consent, in material particulars, joining with parties interested or concerned in the note, other defendants who have no connection or interest in the matter, is multifarious; so, also, is a bill by a tenant in common of a mill, seeking an account of rents and profits from his co-tenants, who had exclusive use and possession, and joining as defendants with his co-tenants, persons who have no interest in or connection with the claim.

APPEAL from Lee County Chancery Court.

Heard before Hon. N. S. GRAHAM.

The appellant, William H. Johnson, filed this bill against the appellees, J. C. Parkinson, Edward Parkinson, E. M. Barnes, S. P. Adams, C. M. Worthington, and William Neighbors. From the bill it appears that the appellant and Edward Parkinson bought of J. C. Parkinson a mill, on the 1st day of April, 1872, and went into possession. They executed to J. C. Parkinson two promissory notes, one for five hundred dollars, due six months from date, and the other due twelve months after date, for the sum of one thousand dollars. It is averred that by the fraud of Edward and J. C. Parkinson, and without the knowledge or consent of appellant, these notes, after being signed, were altered so as to make them bear interest. Subsequently the appellant made various payments on these notes without finding out that they had been altered. These payments extinguished the first note. After the discovery of the alteration of the notes by Johnson, on the 2d of January, 1873, he and Edward Parkinson sold two-thirds of the mill to William M. Robertson and James O. Perry, receiving six hundred dollars in cash and a note for the same amount, due six months from date, secured by a mortgage on the interest sold, which contained a power of sale in case of default. At the same time Edward Parkinson, sold his interest to Johnson. The mill was soon after removed to Tallapoosa county. During the year 1873, Johnson paid to J. C. Parkinson six hundred and eighty-five dollars, to be credited on the thousand dollar note.

Robertson and Perry failed to pay their note of six hundred dollars, and their interest in the mill was sold under the

mortgage, Robertson becoming the purchaser, paying sufficient to take up the notes. Shortly after the removal of the mill to Tallapoosa county, E. M. Barnes became the confidential friend of Johnson, and was entrusted with the settlement of his matters with J. C. Parkinson, who claimed interest on the two notes made to him while Johnson resisted the claim. On the 31st of January, 1874, Barnes, as attorney for Johnson and J. C. Parkinson, had a settlement, and at the same time he also settled with Robertson for Johnson. In his settlement with Parkinson, Barnes fraudulently and contrary to his directions from Johnson, allowed interest on the note, which left a balance due Parkinson of five hundred and twenty-nine dollars. Upon the settlement with Robertson it was found that he was indebted to Johnson in the sum of six hundred and forty-three dollars.

Barnes then took from Robertson two promissory notes, each for three hundred and twenty-two dollars, payable one day after date, one payable to J. C. Parkinson and the other to himself. And at the same time Robertson executed his mortgage to secure the payment of these notes. Edward Parkinson had made a note to Johnson for three hundred and fifty dollars, which was likewise placed in Barnes' hands by Johnson. By a fraudulent combination to cheat and defraud Johnson, Barnes and J. C. Parkinson caused the note of Edward Parkinson to be credited with two hundred and six dollars, the alleged balance due to J. C. Parkinson, who thereupon delivered the one thousand dollar note made by Johnson and Edward Parkinson to Barnes, who delivered it to Johnson. J. C. Parkinson did not receive the note of Robertson from Barnes, but left the same with him as his agent. J. C. Parkinson, after this, promised to meet Johnson but failed.

Barnes, before the 24th day of June, 1874, under the mortgage by Robertson to secure his two notes, sold the mill and bid it in for himself at the price of nine hundred and sixty dollars, but failed to pay his bid. In August, 1874, Barnes secretly made some arrangement with S. P. Adams and C. M. Watlington, by which he claims to have sold some interest in the mill to them, but he refused to disclose what such arrangement was. Adams and Watlington are in the joint possession of the mill, and receiving the rents and profits. The bill avers that Adams and Watlington knew all the above facts, and that Johnson owned one-third interest in the mill. The bill then avers that the mill is situated on land of one William Neighbors, who claims some interest in the mill.

[Johnson v. Parkinson et al.]

The defendant Neighbors disclaimed any interest in the mill.

The prayer of the bill is that an accounting be had with J. C. Parkinson as to the amount, if any, due on the notes given by Johnson and Edward Parkinson; that upon payment of the amount thus found due, the note of Robertson, made payable to J. C. Parkinson, be declared the property of Johnson; that if the court should be of opinion that the sale of the mill by Barnes under the mortgage of Robertson, was a valid sale, that the purchase be declared made for the benefit of Johnson, and that an account be taken between Barnes and his vendors, Adams and Watlington; that if the court should be of opinion that the sale by Barnes was invalid, that the court would decree a foreclosure of that mortgage and a distribution of the proceeds. The bill also contains a prayer for general relief, and for a temporary injunction against Barnes, Adams and Watlington, to prevent them from running the mill.

There was a demurrer for multifariousness, which the Chancellor sustained, and dismissed the bill. From that decree Johnson appeals to this court.

Watts & Sons, for appellant.

W. H. Barnes, contra.

BRICKELL, C. J.—1. It is a matter of some difficulty to ascertain from the prolix statements of this bill with any degree of certainty, what relief the complainant intends to seek, or against whom it is prayed. We suppose, after a patient and careful examination, that it was intended to obtain relief against the note for one thousand dollars, made by the complainant and Ed. Parkinson, payable to John C. Parkinson, because of its fraudulent alteration by the insertion therein after its execution, without the consent of the complainant, of words which make it bear interest from date. Assuming the allegations of the bill to be true, in reference to this matter, as must be done on demurrer, a case is presented—a right to relief—with which none of the defendants, except the Parkinsons, and perhaps Barnes, have any connection whatever, and in which they have no interest.

2. In another aspect in which the bill may have been intended to seek relief, that of the right of the complainant as a tenant in common of the mill, to an account of the rents and profits from his co-tenants, who have had exclusive use and possession of it, it is obvious, the Parkinsons are not

necessary or proper parties. They are not connected with this claim, have no interest in it, and no relief can be granted against them in reference to it.

3. In any of its aspects the bill seems to fall within the accepted definition of multifariousness.—Story's Eq. Pl. § 271; 1 Dan. Ch. Pr. 334, and notes.

Let the decree be affirmed.