COCKRELL AND WIFE *vs.* GURLEY.

1. The rule as to form in pleadings is not as stringent in equity as at law, but the substance of the rules is the same in each court ; and it is a principle of universal application in pleading, founded on reason and good sense, that the plaintiff's title should be stated with sufficient certainty and clearness to enable the court to see plainly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the case which he is called upon to defend.

2. Where a bill in equity was filed to protect complainant's remainder in certain slaves, alleging that her father died in Kentucky in 1825, leaving a widow and complainant his only child ; that letters of administration were granted on his estate, " and some time afterwards dower was allotted and assigned to the said E. (the widow) in her husband's estate, and among the negroes so allotted was a negro woman" (who was particularly described in the bill, and was alleged to be the mother of the other slaves in whom the remainder was claimed) ; and " that by the statute laws of Kentucky, at the time of the decedent's death, and the allotment of dower to the widow as aforesaid, she was only entitled to a life interest in said slave, and the estate in remainder vested in complainant": *It was held,* that the bill was fatally defective, in not setting out the proceedings by which the widow's dower was assigned, and the statute which gave the widow only a life estate in the slaves allotted, with remainder to the complainant.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. A. J. WALKER.

THIS bill was filed by the appellants, John B. Cockrell and Mary Ann his wife, against Davis Gurley, to protect said Mary Ann's alleged remainder in certain slaves which were in the defendant's possession. It alleged, that Henry B. Haley, who was the father of complainant Mary Ann, died in Kentucky, in 1825, " leaving his widow, Elizabeth Haley, and their said daughter Mary Ann, the sole heirs of his estate; that the widow afterwards married one William Dickey, who is still living and residing in Kentucky ; that letters of administration on the estate of said Henry B. Haley were granted in 1825, by the County or Circuit Court of the county in which he died, to one Maximilian Haley; " that some time thereafter the dower was assigned and allotted to the said Elizabeth in her said husband's estate, and among the negroes so allotted was a negro woman by the name of Chaney, then

about —— years of age, and of —— complexion "; that after the marriage of said Elizabeth with said Dickey, the latter sold the said slave Chaney, and the children which she then had, to one Isaac Farris, who afterwards sold them to the defendant; "that by the statute laws of Kentucky, at the time of the death of the said Henry B. Haley, and the allotment of dower to his widow as aforesaid, she was only entitled to a life-estate interest in said negro Chaney and her increase, and the estate in remainder vested in the said Mary Ann, the only child of said Henry B. and Elizabeth."

The defendant demurred to the bill for want of equity, and the chancellor sustained the demurrer, on the ground that the bill did not state the complainants' title with sufficient accuracy and clearness; and his decree is now assigned for error.

L. B. THORNTON and JNO. A. NOOE, for the appellants:

The complainants' interest in the slaves, or title in remainder, is alleged with all the certainty that is required by the most stringent rules of pleading in equity. To entitle them to the relief sought by the bill, all that was required of them was, to show or allege the character of their title or interest in the slaves, and that their interest was in such jeopardy as authorized them to ask the protection of chancery. The allegation of complainants' title is sufficiently clear to show what interest they claimed in the slaves, and that they relied on the statute law of Kentucky to sustain that title. Much less stringency in pleadings in equity is required than at law; and all that is required in a declaration is, that the plaintiff shall state the nature of his title with such certainty that the defendant may know what he relies upon, or what he himself has to defend against. The bill in this case clearly notifies the defendant, that the complainant Mary Ann claims an estate in remainder in all the slaves named in the bill, and that she will rely, as evidence of her title, upon the statute laws of Kentucky, under which, as she alleges, her mother is only entitled to a life-estate interest, and complainant to the estate in remainder. That the allegation is sufficient, under the most stringent rules of pleading adopted by this court, we refer to the following authorities:—Gibson v. Carson, 3 Ala. 421;

McKinley v. Irvine, 13 *ib.* 693, and authorities referred to on pp. 694-700; M. & C. P. Railroad Co. v. Talman, 15 *ib.* 485; Calhoun v. Cousins, 3 *ib.* 501.

The statute of Kentucky was a fact to be proved, like a deed or any other instrument of title. It is not required that the statutes should have been alleged *in hæc verba*; indeed, it would have been improper to encumber the record with them: it was only necessary to allege that the complainants claimed by virtue of the statutes, and to introduce them, properly authenticated, as evidence of their claim.

WM. COOPER, *contra*, cited the following authorities:— Wright v. Dame, 22 Pick. 55; Pardee v. De Cala, 7 Paige's Ch. 132; Wood v. Genet, 8 *ib.* 137; 2 Bland's R. 686; Harding v. Handy, 11 Wheat. 103; Jackson v. Ashton, 11 Peters 249; Andrews & Bro. v. McCoy, 8 Ala. 926; Thomas v. Warren, 15 Verm. 110; Smith v. Ballantyne, 10 Paige Ch. 103; White v. Lewis, 2 A. K. Marsh. 123; *ib.* 315; 2 B. Mon. 1.

GOLDTHWAITE, J.—The object of the suit is, to protect the title of the complainants to the remainder in certain slaves; and the bill avers, that one Henry B. Haley died in the State of Kentucky, in 1825, leaving his widow Elizabeth, and the complainant Mary Ann Cockrell, then Mary Ann Haley, his only child; that letters of administration were taken out by one Maximilian Haley, "and that some time thereafter, dower was assigned and allotted to the said Elizabeth in her said husband's estate, and among the negroes so allotted was a negro woman by the name of Chaney", who is one of the slaves in relation to which the interference of the court is prayed, and the others are her children, alleged to have been born since the assignment. The bill also avers, "that by the statute laws of Kentucky, at the time of the death of the said Henry B. Haley, and the allotment of dower to his widow as aforesaid, she was only entitled to a life interest in the said negro Chaney and her increase, and the estate in remainder vested in the said Mary Ann." These are the only allegations of title which are to be found in either the original or the amended bills; and the only question is, whether, under the rules of pleading, the title of the complainants is stated with sufficient clearness and accuracy.

It will be seen from the extracts we have made from the bill, that the complainants' title rests entirely upon the assignment of dower made to the widow of Henry B. Haley, and the statute law of Kentucky, which (it is averred) invested the widow with the life estate, and the daughter with the remainder, in the slaves assigned. There is no allegation that the dower was allotted in conformity with the laws of Kentucky, or that the proceedings were had by the authority, or under the direction of any court. The rule as to form in pleading is not so stringent in equity as at law, but the substance of the rules is the same in each court; and it is a principle of universal application in pleading, founded on reason and good sense, that the title of the plaintiff should be stated with sufficient certainty and clearness to enable the court to see clearly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the case he is called upon to defend. We know that, by the common law, the widow was not entitled to dower in a chattel, and that the title to slaves vested in the legal representative of the intestate. The common law must be presumed to prevail in Kentucky; and an assignment of dower in a slave would confer no title, unless by the operation of the statute law of that State, and proceedings had in conformity with that law. Conceding that the bill contains an averment, in substance, that by the statutes of Kentucky the widow is entitled to dower in slaves, we should still regard the bill as defective in not setting out the proceedings by which the dower was assigned, as well that the defendant might take advantage of any want of authority in those acting, as that the court might see that they were authorized by the law of the jurisdiction in which the proceedings were had. We would not be understood as deciding, that where dower was assigned by the decree or judgment of a court of record of a sister State, it would be necessary to set out the law and the facts which conferred jurisdiction; on the contrary, we incline to the opinion that the judgment of a court of record of one State is *prima facie* evidence of jurisdiction in every other State. But however this may be, we entertain no doubt that in suing upon such a judgment, it would be necessary to allege in what court it was rendered; and neither at law nor

Cockrell and Wife v. Gurley.

in equity would the mere allegation that a judgment had been rendered be sufficient. If the proceeding was not sanctioned by the judgment of a court, it is entitled to no faith or credit, except such as it can derive from the law of the jurisdiction in which it was had ; and if in opposition to the course of the common law, it must be set out, as well as the proceedings; and if such allegations are wanting, the court cannot intend that the dower was assigned in the mode provided by laws which it cannot judicially recognize, and of which it is not advised by the pleadings.

But independently of the ground we have noticed, we are of the opinion, that the law of Kentucky which (it is averred) gave to the widow a life estate in the slaves, and the remainder to the daughter, is not well pleaded. Mr. Chitty, in his work on Pleadings, (vol. 1, p. 216,) lays down the rule, that foreign laws must, in general, be stated in the pleadings, for the reason, that courts cannot, *ex officio*, take notice of them ; and in Holmes v. Broughton, 10 Wend. 74, where a plea set out a former recovery for the same cause of action in another State, and a satisfaction of the judgment by appraisement of lands upon execution issued upon such judgment, it was held, that such satisfaction being a course of proceedings unknown to the common law, the plea should have set out the statute, and that the general averment that the proceedings were according to the laws of the State where they were had, and fully authorized by them, was not sufficient. The same principle has also been recognized by the Supreme Court of Massachusetts (Hempstead v. Reid, 1 Mass. 104) ; and we think it rests upon sound reason. As was said by the chancellor in his decree, "It is the province of pleading to state facts, and not conclusions." In the present case, the averment is, that by the statute law of Kentucky, and the allotment of dower, the widow became entitled to a life estate, and the daughter to the remainder in the slaves ; and this is simply stating what the pleader supposes to be the effect of the laws of Kentucky, and is clearly insufficient.

Decree affirmed, at the cost of appellants.