# Jones *v.* Caldwell, *et al.*

*Bill in Equity for an Accounting and to recover Money in-
duced to be paid by Fraudulent Representations.*

1.  *Bill to recover money paid on account of fraudulent representa-
tions; proper parties defendant.*--Where a bill is filed asking that an
account be taken of money which complainant was fraudulently in-
duced to pay to one claiming to act as the promoter of an intended
corporation for himself and his associates, and to recover such sum of
money, and facts are averred showing that in his acts in reference to
the formation of the proposed corporation said promoter contracted
for large pecuniary benefits to himself individually and defrauded
those who paid their money and were interested in the intended cor-
poration, but no relief is sought against any fund or property in the
hands of a trustee for the corporation, other persons who, like the
complainant, were subscribers to such corporation, whose transac-
tions with said promoter were separate and independent, who were
in no way responsible for the fraudulent use of complainant's money,
and against whom no relief is sought, but who claim an interest in
the money received by said promoter for the proposed corporation, or
in property deeded to a trustee for the company, are neither neces-
sary nor proper parties defendant.

APPEAL from the City Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, Alex-
ander W. Jones, against the appellees, who were the ex-
ecutors of the will of H. M. Caldwell, deceased, and
three other named persons defendant. The facts of the
case are sufficiently stated in the opinion.

From a decree sustaining the demurrers interposed by
certain named defendants, the present appeal is prose-
cuted, and this decree is assigned as error.

PETTUS & PETTUS and E. H. JONES, for appellant.—
It may be that the bill does not show that each and
every one of the defendants are liable to the complain-
ant for the money which he claims, but it does show
that each and every one of the defendants has an inter-
est, legal or equitable, in the subject matter of the suit.
It shows a state of facts which makes all of these par-

[Jones v. Caldwell, *et al.*]

ties, complainant and defendants, except one, to be members of a *quasi* partnership, and that that one excepted holds the legal title as trustee of the property intended to belong to the intended corporation.

The objection of multifariousness does not hold where one general right is claimed by the plaintiff, although the defendant may have separate and distinct rights.—*Dimmock v. Bixby*, 20 Pickering 377 ; *Larkins v. Biddle*, 21 Ala. 252. Where the object of the suit is single it is no objection that the different defendants have separate and distinct interests in distinct and independent questions, provided they are all connected with and arise out of the single object of the suit.—*Boyd v. Hoyt*, 5 Paige 65. The reason of the rule is that courts of equity are averse to a multiplicity of suits and always strive to prevent unneccessary and useless litigation, so far as they can without on the other hand vexing parties with the litigation of questions with which they have no concern.—*Fellows v. Fellows*, 15 Am. Dec. 428–9 and notes ; *Ex parte Elyton Land Co.*, 104 Ala. 92 ; *Collins v. Stix, Kraus & Co.*, 96 Ala. 341 ; *Planters and Mer. Bank of Mobile v. Walker*, 7 Ala. 926.

The general rule in a court of equity is, that all persons having a material interest, legal or equitable, in the subject matter of the suit, must be made parties as plaintiffs or as defendants.—*Prout v. Hoge*, 57 Ala. 30 ; Story's Equity Pleading, §§ 167, 210 ; 4 Thompson's Com. on Laws of Corporations, §§ 4584–5 ; 1 Thompson Com. on the Law of Corporations, § 443.

ALEX T. LONDON and JOHN LONDON, *contra.*—A bill is multifarious when a party defendant is not connected with a large part of the case made thereby.—1 Daniel Chancery Practice, 335 ; Story's Equity Pleading, §§ 530, 538 ; *Hardin v. Swoope*, 47 Ala. 273 ; *Johnson v. Parkinson*, 62 Ala. 456.

The real nature of a bill in equity is to be determined by its substance ; that is, its averments, its objects and prayer.—*Ex parte Smith*, 34 Ala. 455 ; *Sayre v. Elyton Land Co.*, 73 Ala. 85.

HARALSON, J.—Three of the defendants—London, Milner and Woodward—demurred to the bill. Their demurrers were sustained, and this appeal is prosecuted

from the decree sustaining them. The grounds of demurrer of each of the appellees, as stated by appellant's counsel in their brief, are in substance the same, and the question decided by the chancellor was, that these appellees were improperly joined as parties respondent with the other defendants ; and the real question at issue on the appeal is, that of misjoinder of the parties defendant.

As to the purposes of the bill, counsel for appellant state : "In the first place, the bill is filed for a single purpose, and that is to recover the money which the complainant was fraudulently induced to put into the hands of Henry M. Caldwell, claiming to act as promoter of an intended corporation for himself and his associates. That is the entire scope of the bill."

The real character of a suit in equity is to be ascertained from a consideration of the matters of substance embodied in the pleadings,—from its averments, objects and prayer.—*Sayre v. Elyton Land Co.*, 73 Ala. 86 ; *Ex parte Smith*, 34 Ala. 455.

The averments of the bill are full and explicit against the defendant, Henry M. Caldwell, that in his acts and doings, he was contracting for large pecuniary benefits to himself individually, and was defrauding and intended to cheat and defraud those who were interested, and all those who might thereafter become interested in said intended corporation as stockholders. In section seven, after detailing the facts to show the fraudulent devices of said Caldwell, to cheat and deprive his associates, including the complainant, of the money they had subscribed and paid to him as promoter of said intended corporation, the complainant states, that the said Henry M. Caldwell in his lifetime, "by reason of the matters hereinbefore stated, was justly indebted to your orator in the sum [of $5,000, stating it in detail, less $580.70, which had been refunded], and that the executors of said H. M. Caldwell are now justly indebted to your orator in the said sums, after allowing" said credit. It was further shown, that on the 1st of December, 1895, complainant presented to the executors of said Caldwell an account against his estate for said sum of money, with interest thereon. The complainant, also, offered in his bill to do equity as the court might determine, and specifically to release and relinquish all right, title

or claim which he might have in any property purchased in the name of the trustee for said intended corporation. After making parties defendant, the bill prays, "That an account be taken of the sum of money due to your orator from the estate of said H. M. Caldwell, deceased, on account of the moneys so received by the said H. M. Caldwell from your orator, as stated in said bill of complaint ;" for all other necessary accounts, and for general relief.

It is shown, that the appellees, like appellant, were subscribers to the stock of said intended corporation, in different amounts, and the alleged fraud of said Caldwell, from aught appearing, was as injurious in degree to them as to him. It is nowhere alleged, that they participated in or had anything to do with the fraud alleged to have been practiced by said Caldwell on complainant, nor that they had any interest in complainant's money subscribed and paid in for said intended corporation, nor he, in their money subscribed and paid. Indeed, it is made to appear, that the parties and their transactions with said Caldwell were, each, separate and independent.

It is true, the bill in the 6th section, states that the appellees "have or claim an interest in the money received by said H. M. Caldwell for the use of said intended corporation, or in the property deeded to said Birmingham Trust & Savings Company as trustee." But, the complainant in his bill is not proceeding against the fund or property held by said trustee, in which he alleges the appellees have or claim some interest. No relief is sought against any fund, nor could any decree which may be rendered in the case affect either the fund or the property in the hands of the trustee, or the money or property of the appellees. The case made by the bill is in effect an action in assumpsit for the recovery of money from the estate of H. M. Caldwell alleged to have been fraudulently obtained by him in his life time from the complainant, with which, so far as appears, the appellees had nothing to do, are in no sense responsible for, and against whom no relief is sought. If any account is necessary to be stated, it must be, between the complainant and the executors of said Caldwell. "It is only persons who have a right or interest, legal or equitable, in the subject-matter of controversy, which may be

[Hamner v. Holman.]

affected by the decree, who can be made parties to a suit in equity. Persons as to whom no decree can be rendered on a hearing, ought not to be made parties."

From what has been said, the appellees are not only not necessary, but not even proper parties defendant. *Hardin v. Swoope*, 47 Ala. 273 ; *Johnson v. Parkinson*, 62 Ala. 456 ; *Lehman v. Meyer*, 67 Ala. 397 ; *McKay v. Broad*, 70 Ala. 378 ; Story Eq. Pl., §§ 530, 538.

There was no error in sustaining the demurrers of appellees to the bill, and the decree is affirmed.

Affirmed.