# Langley v. Andrews, Adm'r, Etc.

132 147
142 668

*Bill in Equity for Foreclosure of Mortgage.*

(Decided February 13, 1902.)

1. *Bill to foreclose mortgage; parties to.*—Where a bill is filed by the assignee of a mortgage for the foreclosure of same, his assignor, in whom the legal title to the land rests, is a neces-

sary and indispensable party.

2. *Assignment of mortgage; when does not pass legal title.*—An assignment of a mortgage, containing the necessary words of conveyance, but neither acknowledged nor attested, as required by Code, §§ 984, 982, is insufficient to pass the legal title to the assignee.

3. *Parties to bill in equity; when objection may be made for want of proper.*—Objection to a bill for foreclosure for want of necessary parties, in whom the legal title is vested, may be made at the hearing, on error, or may be taken by the court *ex mero motu.*

4. *Assignment; when contains words sufficient to pass the legal title.*—An instrument in writing and under seal, whereby the grantors "assign, transfer, set over and convey all claims held by us against" a certain person, · "whether notes, mortgages, accounts or claims of any other description, and all our right, title and interest in and to any and all property, real and personal, conveyed to us in said claims above described," is sufficient if attested or acknowledged under Code, §§ 982, 984, to convey the legal title vested in the signers as transferees of a mortgage executed by such person.

APPEAL from Tallapoosa Chancery Court.
Heard before Hon. R. B. KELLY.

JAS. W. STROTHER, for appellant, cited *Sanders v. Cassidy,* 86 Ala. 246; *Robinson v. Cahalan,* 91 Ala. 479; *Prout v. Hoge,* 57 Ala. 28; *Denby v. Mellgrcw,* 58 Ala. 147; *Bibb v. Hawley,* 59 Ala. 403; *McCully v. Chapman,* 58 Ala. 325.

E. M. OLIVER, *contra,* cited Code, § 710.

HARALSON, J.—The note of W. T. Langley for $2,579.68, to A. H. Slaughter, of date 16th June, 1894, payable 15th October, 1894, secured by mortgage, was indorsed on its back, "A. H. Slaughter" and "The within note is hereby transferred to J. E. Andrews, without recourse on us. Feb'y 19th 1895. S. M. Innman & Co. by J. S. Akers Atty in fact."

The mortgage was transferred to S. M. Innman & Co. by A. H. Slaughter in the following words: "As collaterals to my notes due S. M. Innman & Co. I hereby

sell, transfer and convey to S. M. Innman & Co. the within mortgage and hereby convey the property therein mentioned. This Sept. 14th 1894. (Signed) A. H. Slaughter. Witness T. D. Samford."

J. E. Andrews, the alleged assignee of the note and mortgage from S. M. Innman & Co., who were the assignees of the same from said A. H. Slaughter, filed this bill on the 8th of April, 1897, against the mortgagor, W. T. Langley, to foreclose the same. The said J. E. Andrews died, and the cause was revived in the name of Walter Andrews, as his administrator.

A. H. Slaughter was made a party defendant, but S. M. Innman & Co. were not made parties. It is not questioned, that the assignment of this mortgage by Slaughter to Innman & Co. transferred to them the legal title to the mortgaged land, but it is disputed, that the transfer of the same by Innman & Co. to J. E. Andrews, passed the legal title to him. Their assignment to him is as follows: "In consideration of J. E. Andrews' promissory note to us for $1,519.40 due December 1st, 95, we have assigned, transferred set over and conveyed and do by these presents transfer set over and convey to said J. E. Andrews all claims held by us against W. T. Langley, whether notes, mortgages, accounts or claims of any other description, and all our right, title and interest in and to any and all property real and personal conveyed to us in said claims above described. It is expressly understood and agreed that this transfer is made by us without recourse. Witnes our hands and seal this 9th day of Sept. 1895. S. M. Innman & Co. L. S." This assignment contained the necessary words of conveyance, and clearly showed an intention on their part to transfer the legal title to said Andrews, but it was neither acknowledged, as provided in section 984 of the Code, nor was it attested as provided by section 982, one or the other of which was necessary to be done, in order thereby to pass the legal title. Without the legal title, the appellee's intestate, J. E. Andrews, had no right to maintain this bill for a foreclosure, without making Innman & Co. parties defendant. The court should not order the sale of an imperfect title, one under which the purchaser would not acquire

the legal title. As they were the holders of the legal title, as derived by them from Slaughter, they were necessary and indispensable parties to the suit. It is true, Innman & Co.'s assignment of the mortgage and note it secured to complainant's intestate, without having thereby conveyed to him the legal title to the mortgaged property, authorized him as owner of an equitable interest in the property, to institute and maintain the bill, but to do so, they were indispensable parties to the suit. Objection to such a defect may be made at the hearing, on error, or it may be taken by the court, *ex mero motu.—Prout v. Hoye,* 57 Ala. 28; *Bibb v. Hawley,* 59 Ala. 403; 1 Jones on Mortgages (3rd ed.), § 987; 9 Ency. Pl. & Pr., 273; *Sanders v. Cassady,* 86 Ala. 248; *Wildsmith v. Tracy,* 80 Ala. 258; *Robinson v. Cahalan,* 91 Ala. 479; *Johnson v. Beard,* 93 Ala. 96; *Ward v. Ward,* 108 Ala. 278; *Wisdom v. Reeves,* 110 Ala. 418; *Sharpe v. Brantley,* 123 Ala. 105; Code, §§ 982, 983, 1040.

For the failure to make said Innman & Co. parties defendant, the decree must be reversed.

Reversed and remanded.