# Buckheit *et al. v.* Decatur Land Co.

## *Bill in Equity to foreclose Mortgage.*

1. *Bill by assignee to foreclose mortgage; sufficiency of averment of assignment.*—Where a bill is filed by the assignee of a note and the mortgage securing the same, seeking to have said mortgage foreclosed, the averment in said bill that said note "together with said mortgage deed were assigned by" the mortgagee unto the complainant, is a sufficient averment to show a transfer or assignment of the note and mortgage, so as to carry the legal title to the note and the legal estate of the mortgagee in the land.

2. *Mortgage; assignment of mortgage debt.*—The transfer of a mortgage debt, whether by writing or parol is, in equity, the assignment of the mortgage.

3. *Bill by assignee to foreclose mortgage.*—Where a bill is filed by the assignee of a mortgage to foreclose such mortgage, it is immaterial whether the assignor or mortgagee be made a party complainant or respondent to the bill; since, being before the court said mortgagee would be precluded by a decree.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill, as amended, was filed by the appellee, the Decatur Land Company, a corporation organized and existing under the laws of Alabama, against Mary C. Buckheit, George F. Buckheit and the Decatur Land, Improvement and Furnace Company, a corporation under the laws of the State of Alabama, and averred the following facts: On May 31, 1892, the defendants, Mary C. Buckheit and George F. Buckheit, purchased certain and specifically described lots from the Decatur Land, Improvement & Furnace Company, and on said date executed their promissory note for $350, for balance due upon the purchase money, and to secure the payment of said note executed a mortgage upon said

lots to said Decatur Land, Improvement & Furnace Company. Said defendants entered into possession of said lands under said purchase, and were in possession claiming under the deed at the time of the filing of the bill. On May 7, 1899, the defendants made a small payment upon said note, to prevent the statute of limitations from ·barring same. The bill then averred that said note "together with said mortgage deed, was assigned by the Decatur Land, Improvement & Furnace Company unto the complainant, the Decatur Land Company, by an instrument in writing and delivery for valuable consideration" before the maturity of said note. It was also averred that with the exception of the small payment thereon in May, 1899, no part of said note had been paid, and that the same was due and owing to the complainant.

The prayer of the bill was that a decree be rendered foreclosing the equity of redemption of the defendants Buckheit in and to the lots described, and that said lots be sold for the satisfaction of the amount that might be ascertained to be due the Decatur Land Company. As originally filed the Decatur Land, Improvement & Furnace Company was made a party complainant to the bill, but by amendment said company was stricken out as a party complainant and made a party defendant.

To the bill as amended the defendants jointly and severally demurred upon the following grounds: 1. The Decatur Land, Improvement & Furnace Company was a necessary party complainant to said bill. 2. It was not shown that the Decatur Land, Improvement & Furnace Company parted with the legal title to said note and mortgage. 3. No reason is given why the Decatur Land, Improvement & Furnace Company is not joined as a party defendant.

On the submission of the cause upon the demurrer, the chancellor rendered a decree overuling the demurrer. From this decree the respondent appeals, and assigns the rendition thereof as error.

E. W. Godbey, for appellant.—The allegations that the notes and mortgage were assigned by an "instru-

[Buckheit *et al.* v. Decatur Land Co.]

ment in writing," is a mere simple legal conclusion, and therefore, alleges no assignment whatever. No assignment being properly alleged, the Decatur Land, Improvement & Furnace Company, to whom the notes and mortgage were originally executed, is the only party who can foreclose.—*Stearn v. Martin,* 4 Cal. 229; *Allen v. Pancoast,* 20 N. J. L, 68.

HARRIS & EYSTER, *contra.*—It is well settled that where, as shown by the bill in this case, the notes and mortgage were simply assigned, that the assignor was a proper party defendant as the original mortgagee so as to get it before the court, and divested of whatever rights it might have had in the note or mortgage. Whatever legal interest it may have had in the property by reason of having made an irregular assignment would be concluded by its being made a party defendant; and it was properly made so instead of being made a party complainant.—*Beebe & Henshaw v. Morris,* 56 Ala. 525.

TYSON, J.—The cases of *Allen v. Pancoast,* (20 N. J. Law, 68), and *Stearns v. Martin,* (4 Cal. 227), cited and relied upon by counsel for appellant as supporting his contention that the averment of the bill relative to the assignment of the notes and mortgage is a conclusion of the pleader and, therefore, wholly insufficient to withstand the attack by demurrer raising that point do not and can not by any sort of construction be made to sustain it. On the contrary in *Allen v. Pancoast,* the general averment that the bond, the foundation of the action, was "duly assigned" to the plaintiff was held sufficient. In *Stearns v. Martin,* the defendant in his answer in setting up a counter claim simply averred that "he had acquired all the interest of said Morgan in the contract and the right flowing therefrom." The court said: "The averment of the amended answer of the defendants, as to Martin's acquisition of Morgan's interest, is too loose and uncertain. It should, at least, have alleged a positive transfer or assignment and the character of it so that the plaintiff would be put upon notice

of what he had to meet?" Doubtless, as indicated by the language, had the answer averred that the contract was assigned or transferred in writing by Morgan to Martin, the court would have held the averment sufficient. It will be noted that in both of these cases, the actions were at law, and in the absence of statute, the assignee or transferee must have had the legal title to the bond or contract. Assuming this question to be raised in this case by the demurrer, there is no merit in the contention.

Conceding that the character of the writing is not sufficiently averred to show a transfer or assignment of the notes and mortgage so as to carry the legal title to the notes and the legal estate of the mortgagee in the land, an equitable assignment of the debt secured by the mortgage is sufficiently shown. "A transfer of the mortgage debt, whether by writing or parol, is in equity the assignment of the mortgage. * * * * If the assignment is not in writing, but by parol, the legal title to the debt, and the legal title in the premises remaining in the assignor or mortgagee, the assignee seeking a foreclosure, must make the assignor a party, that the legal title and estate may be bound by the decree." *Denby v. Mellgrew*, 58 Ala. 149.

It is of no consequence whether the assignor or mortgagee be a party complainant or respondent to the bill, since being before the court he will be concluded by the decree, saving the mortgagor from all future litigation with him.—*Beebe v. Morris*, 56 Ala. 525.

If the assignment of the notes and mortgage to complainant in this case was insufficient to pass the legal title of the mortgagee to the notes, and the land conveyed by the mortgage, a decree of foreclosure will operate to divest it.

On the other hand, if the legal titles to the notes and the property conveyed by the mortgage passed by the assignment no relief could be granted as against the mortgagee.

Whether the mortgagee is properly or improperly a party defendant is a question which the mortgagor can not raise.

The demurrer was properly overruled.

The decree is affirmed.

