(79 South. 609)

EUTAW ICE, WATER & POWER CO. v. TOWN OF EUTAW. . (2 Div. 673.)

(Supreme Court of Alabama.    June 20, 1918.)

1. QUO WARRANTO ⊜⟶3 — OTHER REMEDY — CONTRACTUAL STIPULATIONS.

In a suit, under Code 1907, § 3513, for forfeiture and dissolution of a corporation and in the nature of a quo warranto, the fact that the contract between the town and the corporation prescribed the procedure to be adopted in case of default by the corporation did not exclude the exercise of other rights prescribed by law for the enforcement of public duties owing by the corporation.

2. PLEADING ⊜⟶8(7)—CONCLUSIONS.

A bill in the nature of a quo warranto, filed under Code 1907, § 3513, to forfeit a corporate franchise and dissolve a corporation, setting out the contract violation of which furnished the basis for the suit and the manner in which the corporation had failed to comply therewith, was not subject to criticism, as averring conclusions and not traversable facts.

3. QUO WARRANTO ⊜⟶49 — DISSOLUTION OF CORPORATION—FORFEITURE OF FRANCHISE—PLEADING.

A bill in the nature of quo warranto to dissolve a corporation and forfeit its charter, under Code 1907, § 3513, must contain an averment that the failure or refusal of the corporation to. comply with its contracts was willful or due·to lack of means.

4. QUO WARRANTO ⊜⟶49 — DISSOLUTION OF CORPORATION—FORFEITURE OF FRANCHISE—PLEADING.

A bill in the nature of quo warranto, under Code 1907, § 3513, for the dissolution of a corporation and forfeiture of franchises, must set out in the stating part every material fact to which complainant must or means to offer· evidence.

5. EQUITY ⊜⟶133—PLEADING—SUFFICIENCY.

The rule as to form in pleadings is not as stringent in equity as at law, but plaintiff must state his title with sufficient certainty and clearness to enable the court to say that he has such a right as would warrant its interference, and its averments must be so complete that on demurrer or on decree pro confesso the court can without evidence say that complainant is.entitled to the relief prayed.

Somerville and Gardner, JJ., dissenting.

Appeal from Circuit Court, Greene County; H. B. Foster, Judge.

Bill by the Town of Eutaw against the Eutaw Ice, Water & Power Company for a forfeiture and dissolution of the respondent corporation. From a decree overruling demurrers to the bill, respondent appeals. Reversed, rendered, and remanded.

The substance of the bill sufficiently appears from the opinion. Section 23 of the contract entered into by and between the town of Eutaw and the respondent corporation is as follows:

It is mutually understood and agreed that in the event the said Eutaw, Ice, Water & Power Company, its successors or assigns, fail at any time during the life of this contract to carry out and perform the provisions and requirements of this contract, then the town of Eutaw, after giving said company, its successors or assigns, thirty days' notice of such failure to comply with the terms of the contract to proceed to have such work or duties performed and charge. the expense of the same to the said company, its successors or assigns, provided said town of Eutaw has such work or duties performed at a fair, reasonable and just expense; in the event said Eutaw Ice, Water & Power Company, its successors or assigns, should fail or refuse continuously for a period of twelve months, after receiving notice of such failure or refusal to comply with the terms and provisions of this contract, then in that event said town of Eutaw hereby reserves and is given the right and power to declare this contract of no effect and to abrogate all of the rights, powers, privileges and franchises herein given and granted.

R. B. Evins, of Greensboro, and William Hawkins, of Eutaw, for appellant. John McKinley, of Eutaw, and E. D. Smith, of Birmingham, for appellee.

ANDERSON, C. J. The present bill was filed under section 3513 of the Code of 1907. It is not, strictly speaking, a bill for the specific performance of a contract which would require an averment of performance or readiness to perform on the part of the complainant as a condition precedent to relief. It is in the nature of a quo warranto and seeks a forfeiture of the francnise and dissolution of the corporation upon the grounds therein set out and as provided by the statute. Hence the authorities cited by counsel for appellant relating to specific performance and actions for the breach of contract have no application to this case.

The prayer merely seeks the relief warranted by the statute, and the fact that it asks that the respondent be first given an opportunity to comply with its contract before a final forfeiture and dissolution, but to grant a forfeiture and dissolution upon such a failure, in no sense renders the said prayer repugnant or inconsistent. It tracks the statute in this respect. The first provision relative to relief is intended merely as a day of grace and for the purpose of enabling the offending respondent to redeem itself before its corporate life is extinguished, and the second part provides for an order or decree

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

forfeiting the franchise and dissolving the corporation after a failure on its part to so redeem itself within the period of probation.

[1] It is contended by appellant that the town is precluded from maintaining this bill by section 23 of the contract (which will be set out by the reporter), which prescribes the sole and exclusive method of procedure and recourse in case of default by the respondent. It is true that said section 23 of the contract attempts to provide against a default on the part of the respondent and to clothe the town with certain duties and authority looking to the performance of the contract and for a forfeiture of same under certain conditions; but this clause does not make this right imperative upon the town, or exclude other rights prescribed by law for the redress of wrongs by or the enforcement of public duties owing by corporations of this character. Said section 23 of the contract is elliptical, certain words have evidently been omitted from the ninth line between "contract" and "to," and, standing as it does, it does not make the duty imperative on the town or attempt to exclude other rights or remedies. On the other hand, if we are permitted to interpolate, we are at a loss to supply such word or words that would harmonize with the words used so as to give the section the meaning contended for by appellant. "Must," "shall," "will," or "may" will not intelligently fit the space, while the words "will have the right," "shall have the right," or "may have the right," "to proceed," etc., will harmonize with the words used in the section, and which would give the town the option merely of taking the steps designated and would not exclude existing legal rights and remedies. Moreover, we do not wish to be understood as holding, or intimating, that, if the contract could be so interpreted as to confine the town to the steps there enumerated and expressly excluded all other rights or remedies, it would be valid and enforceable. Capital City Water Works v. Macdonald, 105 Ala. 406, 18 South. 62, 29 L. R. A. 743. True, section 1260 of the Code of 1907 authorizes cities and towns to operate and maintain waterworks, etc., and also gives the right to contract for the supplying of same to the inhabitants and to regulate the manner and rates for furnishing same. Mobile Light Co. v. City of Mobile, 79 South. 39.[1] But this section, nor any other provision of our statutes, authorizes a municipality to waive or surrender by contract legally prescribed rights and remedies against derelict public service, or quasi public service, corporations, notwithstanding the enforcement of same may be delegated to them by the state.

[2] We do not think that the bill is subject to the criticism that "its averments as to material facts are the averments of mere conclusions and not traversable facts." The bill sets out the contract and fully and concisely states the manner in which the respondent has failed to comply with same after reasonable notice.

[3-5] It is true that section 3513 authorizes the filing of a bill, or petition, after the corporation shall fail, after reasonable notice of default in the performance of the contract, to comply with same; yet said section further provides that upon hearing and, in effect, as a condition precedent to relief, the failure or refusal must have been willful or due to the lack of means. This section must be considered in its entirety, and, as it makes the manner or cause of the failure or refusal material and the proof of same essential to the rendition of a judgment or decree, an averment of the fact that the failure or refusal was willful or due to the lack of means is essential to the equity of the bill. Every material fact to which the complainant must or means to offer evidence ought to be distinctly set out in the stating part of the bill. Strange v. Watson, 11 Ala. 324; Story's Eq. Pl. 23, 24. The rule as to form in pleadings is not as stringent in equity as at law; but the substance of the rule is the same in each court, and the plaintiff must state his claim or title with sufficient certainty and clearness to enable the court to see plainly that he has such a right as would warrant its interference. Cockrell v. Gurley, 26 Ala. 405; Goldsby v. Goldsby, 67 Ala. 460. The averments of a bill in chancery must be so complete that on demurrer or on decree pro confesso the court can, without evidence, be able to perceive and affirm that the complainant is entitled to the relief prayed. Goldsby's Case, supra; Duckworth v. Duckworth, 35 Ala. 70. A bill is without equity when the facts alleged in it do not constitute a case that entitles the plaintiff to relief in a court of equity. Cahalan v. Monroe, 56 Ala. 303. The bill in the instant case does not charge, in the abstract or in detail, that the acts or omissions were willful or resulted from a lack of sufficient means, an essential fact to be proved as a condition precedent to relief, and was subject to the general demurrer testing the equity of same, and the trial court erred in overruling said demurrer, and the decree is reversed, and one is here rendered sustaining said demurrer, and the cause is remanded in order that the bill may be amended so as to conform to this holding within such reasonable time as may be fixed by the trial court, should the complainant desire to do so.

Reversed, rendered, and remanded.

McCLELLAN, MAYFIELD, SAYRE, and THOMAS, JJ., concur. SOMERVILLE and GARDNER, JJ., concur in all of the opinion except as to the one proposition upon which the case is reversed. They think that the bill conforms to the statute and that the case should be affirmed, and therefore dissent.

GARDNER, J. (dissenting). This bill was filed under section 3513 of the Code of 1907,

---

[1] 201 Ala. 607.

the opening part of which provides as follows:

"Whenever any corporation operating or maintaining any public utility and having enjoyed franchises under contract with any city, town, or other municipal subdivision to render any public or quasi public service to such city, or other subdivision, or the inhabitants thereof, shall fail, after reasonable notice of default in the performance of such contract, to comply with and perform the same in the manner provided in such contract, the governing body of such city, town, or other subdivision, may by bill or petition apply to the chancery court or other court of like jurisdiction of the county in which such city, town, or other subdivision is situated, to enforce the forfeiture of the rights and franchises and annul the charter of the corporation."

The bill in this case shows that the respondent was such corporation enjoying the franchises of the town of Eutaw, that it was rendering public or quasi public service to such town, and shows a continuous failure to comply with its contract with said town after reasonable notice of such default of the performance of such contract was given by the municipal authorities. The bill therefore embraces all matters essential to the right to file the bill in accordance with the very language of the statute.

The majority opinion holds the bill is without equity, because it fails to aver that the corporation has failed, or refused, to perform its contract, either willfully or by reason of the lack of means to do so, and this holding is rested upon that portion of the statute which reads as follows:

"If upon the hearing of the cause the court shall find that the corporation has so failed or refused to perform its said contract, either willfully or by reason of lack of means to do so, it shall enter a decree ordering such corporation within a time to be named in said decree, to comply with its contract in the respect where it is in default, which time, for good cause shown, the court may extend."

This is clearly · defensive matter, which the corporation may bring forward by its answer, but certainly not such matter as would be required to be alleged in the bill. If it is required to be alleged in the bill, then it must be that the complainant is expected to prove it. It would be unreasonable that the municipal authorities should be required to prove willfulness on the part of the corporation in the failure to perform the contract, or to prove that it was on account of lack of means. Each of these matters is a question within the peculiar knowledge of respondent, and therefore the statute, in my opinion, has been so worded as to clearly indicate they are defensive matters to be brought forward by the corporation. The bill, in my opinion, shows careful preparation, and was drawn in the light of the statute and in strict compliance with the language thereof.

The majority opinion concedes that the proceeding is in the nature of a quo warranto, and, clearly, if such is the case, these aver-

ments are purely defensive. State ex rel. v. Foster, 130 Ala. 154, 30 South. 477; Montgomery v. State, 107 Ala. 372, 18 South. 157; Jackson v. State, 143 Ala. 145, 42 South. 61.

Entertaining the view, therefore, that the bill is entirely sufficient, and that the decree should be affirmed, I respectfully dissent.