### LUNSFORD et al. v. MARX. (2 Div. 833.)

(Supreme Court of Alabama. Nov. 20, 1924.)

**1. Mortgages 447—Description in complaint held sufficiently definite and certain to enable court to enforce mortgage lien.**

Where mortgage described land as "E. ½ of section 35, and N. W. ¼ of N. E. ¼ of section 35," complaint, describing land as "east half of section 35, and N. W. ¼ of N. E. ¼ of the N. E. ¼ of section 35," held sufficiently definite and certain to enable court to enforce mortgage lien, error being immaterial, since description "E. ½ of section 35" included all of N. E. ¼ of section 35.

**2. Parties 84(1)—Defects in bill for lack of necessary party may be raised by plea, demurrer, answer, or by court's own motion.**

Defect in bill for want of necessary party can be raised by plea, demurrer, answer, or by court ex mero motu at hearing or if defect appears on face of bill, it may be pointed out by demurrer.

**3. Pledges 58(3)—Mortgagee held necessary party to assignee's suit to foreclose where assignment was by parol.**

Where mortgage is assigned as collateral security by parol, mortgagee is necessary party to assignee's suit to foreclose, so that legal title remaining in him may be bound by decree.

**4. Pledges 58(3)—Mortgagee or representative necessary party defendant to foreclosure suit by assignee of mortgage held as security for mortgagee's debt.**

Where mortgagee assigned mortgage as collateral for his debt, subsequent assignee, who is not bona fide purchaser, is not absolute owner

thereof, and mortgagee or his representative is necessary party defendant to suit to foreclose mortgage, in view of Code 1923, § 9026.

**5. Pledges 58(4)—Allegation of assignment of mortgage and debt as collateral held sufficient in equity.**

Under Code 1923, § 9010, formerly Code 1907, § 4896, allegation that mortgage and its debt was assigned as collateral security was sufficient allegation of assignment in equity.

**6. Pledges 40, 58(4)—Securities pledged as collateral for debt cannot be transferred without transfer of debt nor assigned otherwise than provided by statute; bill to foreclose pledged mortgage held defective.**

Securities pledged as collateral cannot be transferred without transfer of debt nor otherwise than provided by Code 1907, §§ 3303, 3304, and bill by assignee to foreclose mortgage failing to show transfer of debt when mortgage was transferred by one holding it as collateral was defective.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Bill in equity by Julius L. Marx against W. H. Davis, Nora L. S. Lunsford, and W. G. Lunsford, to foreclose a mortgage. From a decree overruling their demurrer to the bill, respondents Nora L. S. Lunsford and W. G. Lunsford appeal. Reversed, rendered, and remanded.

Aird & Aird, of Birmingham, for appellants.

All parties whose rights will be directly affected must be before the court as parties. Seay v. Graves, 178 Ala. 131, 59 So. 469; Culley v. Elford, 187 Ala. 165, 65 So. 381; Prout v. Hoge, 57 Ala. 28; Langley v. Andrews, 132 Ala. 147, 31 So. 469; Sanders v. Cassady, 86 Ala. 248, 5 So. 503; Ward v. Ward, 108 Ala. 278, 19 So. 354; McEvoy v. Leonard, 89 Ala. 455, 8 So. 40; Knight v. Knight, 103 Ala. 484, 15 So. 835; Broughton v. Mitchell, 64 Ala. 210.

Beddow & Oberdorfer, of Birmingham, for appellee.

The assignee was not a necessary party. Prout v. Hoge, 57 Ala. 28; Crawford v. Chattanooga, etc., Co., 201 Ala. 282, 78 So. 58; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

MILLER, J. This is a bill in equity by Julius L. Marx against Nora L. S. Lunsford and her husband, W. G. Lunsford, and W. H. Davis, to foreclose a mortgage on land, given by Mrs. Lunsford and her husband to Edward De Graffenried to secure the balance of the purchase money for the land. The balance of the purchase money, the mortgage debt, is evidenced by promissory notes, aggregating $1,500 for the principal and notes for the interest thereon. It avers the mortgagors, Mr. and Mrs. Lunsford,

---

have conveyed the land therein described to W. H. Davis subject to the mortgage.

W. H. Davis filed demurrer to the bill of complaint, but his demurrers were not passed on by the court. The cause was submitted on demurrers of respondents to the bill of complaint. The court overruled these demurrers of Mrs. Lunsford and husband. From that decree this appeal is prosecuted by them, and they alone assign the decree as error.

[1] These defendants demur to the complaint because the description of the lands therein is too indefinite and uncertain to be capable of the enforcement of the lien of the mortgage on them by a decree. A copy of the mortgage is made a part of the bill by exhibit. The land is described in the bill as situated in Hale county, Ala., as follows:

"The S. E. ¼ of S. E. ¼ of section 26, and east half of section 35, and N. W. ¼ of N. E. ¼ of the N. E. ¼ of section 35, all in township 21, range 3 east, and containing in all one hundred and sixty acres, more or less; reserving therefrom, however, three hundred feet running east and west though the above-described lands on each side of the present center of the old right of way of the Selma, Marion & Memphis Railway Company, being six hundred feet in all; 300 feet north and 300 feet south of said right of way."

The mortgage describes the land the same as the bill, except it states "N. W. ¼ of N. E. ¼ of section 35," instead of N. W. ¼ of N. E. ¼ of the N. E. ¼ of section 35. This error is immaterial, as the description "E. ½ of section 35" includes all of the N. E. ¼ of section 35. The description of a part of the N. E. ¼ of section 35 is duplicated in the bill and in the mortgage. The description of the land in the bill and in the mortgage evidently contains a mistake, because each states "containing in all one hundred and sixty (160) acres, more or less." When the government numbers "S. E. ¼ of S. E. ¼ of section 26" (40 acres), and east half of section 35" (320 acres), purport to describe 360 acres, more or less. The description of the land in the bill is sufficiently definite and certain for the court by decree to enforce the lien and the mortgage thereon, and the bill is not subject to this demurrer assigned to it.

The appellants insist that Edward De Graffenried if living, and his legal representative if dead, is a necessary party defendant to this cause, and the court erred in overruling this ground of their demurrer.

[2] If a bill is defective for the want of a necessary party, it can be raised by plea, demurrer, answer, or by the court ex mero motu at the hearing. If this defect appears on the face of the bill, it may be pointed out by demurrer. McMaken v. McMaken, 18 Ala. 576; Prout v. Hoge, 57 Ala. 28; Langley v. Andrews, 132 Ala. 147, 31 So. 469; Travis

v. First Nat. Bank, 210 Ala. 620, headnote 5, 98 So. 890.

[3] This mortgage for the balance of the purchase price, $1,500, for the land, was executed by Mr. and Mrs. Lunsford to Edward De Graffenried on January 1, 1910; and on the same day the bill alleges he "transferred and assigned said mortgage and debt to Ed Marx as collateral security for an indebtedness of $5,000, and did grant, bargain, sell, and convey to the said Ed Marx the real estate described in said mortgage." This averment fails to state whether the transfer and assignment were oral or in writing; if made by parol the mortgagee or assignor is a necessary party, that the legal title or estate remaining in him may be bound by the decree. Denby v. Mellgrew, 58 Ala. 147, headnote 3; Buckheit v. Decatur Land Co., 140 Ala. 216, 37 So. 75.

[4] It is to be observed that this transfer by De Graffenried of the mortgage is not absolute as shown by the bill, but only as collateral to secure a debt due by him to Ed Marx. Ed Marx died and Jacob Marx as his administrator did transfer and assign this mortgage and the debt it secured to Julius L. Marx, the complainant. It appears on the face of the bill that Ed Marx held this mortgage and the debt secured by it as collateral for a debt due him by Edward De Graffenried. The complainant on the face of the bill does not own an absolute, unconditional title to this mortgage and the debt it secures. He does not claim to be a bona fide purchaser of the notes and mortgage before maturity for value without notice of the rights of Edward De Graffenried, therein. If the original debt due Ed Marx by Edward De Graffenried, for which the mortgage and its debt were assigned to secure as collateral, has been paid, then the title to the collateral, the notes and mortgage, divert and they would belong to De Graffenried if living, or his estate if dead. St. John v. O'Connel, 7 Port. 466, headnote 11. See, also, section 9026, Code 1923.

Thus it appears on the face of the complaint that Edward De Graffenried, if living, and his estate, if dead, is materially interested in the issue tendered by the averments of the bill, and has an interest in the mortgage and the debt it secures which the bill seeks to foreclose; and that interest will necessarily be affected by the decree in the cause. Edward De Graffenried or his estate, if he is dead, has an interest in this mortgage and the debt it secures; his transfer to Ed Marx was not absolute and unconditional, but simply as collateral. He, if living, or his representative, if dead, is a necessary party defendant to this cause. This defect appears on the face of the bill; the demurrers point it out, and they should have been sustained by the court. Hodge v. Joy, 207 Ala. 198, headnotes 24, 25, 92 So. 171; Prout v. Hoge, 57 Ala. 28; Jones v.

212 ALA.—10

Caldwell, 116 Ala. 364, 22 So. 456; Langley v. Andrews, 132 Ala. 147, 31 So. 469; and authorities supra.

[5] The allegations as to the transfer of the mortgage and its debt by De Graffenried to Marx are quoted hereinbefore in this opinion. This clearly shows a transfer of the mortgage and its debt as collateral to secure a debt due Marx by him. Ed Marx held the mortgage and the notes, it secured, as collateral. The averment in the bill as to this transfer and assignment of the mortgage and its debt as collateral is sufficient in equity. This court in Harton v. Little, 176 Ala. 270, 57 So. 852, wrote:

"A transfer of the debt, by writing or by parol, is in equity an assignment of the mortgage." Buckheit v. Decatur Land Co., 140 Ala. 216, 37 So. 75; section 9010, Code 1923, which was section 4896, Code 1907; and authorities cited.

The averment in the bill as to the transfer of the mortgage by Jacob Marx, as administrator of the estate of Ed Marx, to the complainant, reads as follows:

"That said Jacob Marx as administrator of the estate of Ed Marx did thereupon, and prior ro this suit, transfer said mortgage of Norah L. S. Lunsford and her husband, W. G. Lunsford, and the debt secured thereby to complainant Julius L. Marx, who is now the holder and owner of said mortgage, and the debt secured thereby."

[6] Collateral securities to secure the payment of a debt must not without a transfer of the debt be transferred or assigned otherwise than is provided by sections 3303 and 3304, Code 1907. Section 3302 of the Code of 1907 reads as follows:

"Collateral securities taken, or property pledged, to secure the payment of a debt, must not, without a transfer of the debt, be transferred or assigned otherwise than is hereinafter provided. A transfer of the debt passes to the transferee the right of the transferor in such collateral security or property pledged. A transfer or assignment of such security or property pledged, not accompanied by a transfer of the debt, is a discharge of the hypothecation or pledge, restoring the right and title of the person from whom it was received."

This bill fails to allege that the $5,000 debt of De Graffenried to Ed Marx for which the mortgage and its debt were held as collateral was transferred or assigned to the complainant and it fails to aver that this collateral mortgage and its debt were sold as the statutes (sections 3303 and 3304, Code 1907) permit and direct, and that the complainant was the purchaser of them at the sale. The averments of the bill as to the manner of the transfer of the collateral by the administrator of Ed Marx to the complainant is not in accord with the statute (section 3302, Code 1907), and it fails to show the complainant has title to the col-

lateral. The facts alleged in the bill are insufficient to show a legal transfer to the complainant of this mortgage and its debt— they being held as collateral. This defect in the bill of complaint is pointed out by the demurrers, and they should have been sustained by the court.

The decree will be reversed, one will be entered here sustaining the demurrers of the appellants to the bill of complaint on the grounds indicated in this opinion, and the cause will be remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J.; and SAYRE and GARDNER, JJ., concur.