(106 So. 336)

LUNSFORD et al. v. MARX. (2 Div. 881.)

(Supreme Court of Alabama. Nov. 19, 1925.)

1. **Equity** ⚖152—**Exhibit is foundation of action, and will control averments of complaint and nature of action.**

Rule in chancery is that an exhibit is the foundation of an action and becomes part of record, and will control averments of complaint and nature of action.

2. **Appeal and error** ⚖193(1), 231(2)— **Amendable defects of bill in equity not considered unless objected to.**

Unless amendable defects of bill in equity are duly objected to and pointed out with reasonable certainty, they will not be considered.

3. **Equity** ⚖148(3)—**Amended bill held not multifarious.**

Amended bill praying foreclosure of mortgage given by G. to M., and at same time an accounting and foreclosure of mortgage held as security for debt due from L. to G. and duly assigned to and held as collateral security by M. for debt of G., held not multifarious.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Bill in equity by Julius L. Marx against W. H. Davis, Nora L. S. Lunsford, W. G. Lunsford, Mamie De Graffenried, Edward De Graffenried, Jr., Mamie De Graffenried, as executrix of the estate of Edward De Graffenried, Sr., deceased, and Jacob Marx, as administrator of the estate of Ed Marx, deceased. From a decree overruling a demurrer to the bill, respondents Lunsford appeal. Affirmed.

See, also, 212 Ala. 144, 102 So. 110.

Aird & Aird, of Birmingham, for appellants.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The bill and exhibit. thereto contain inconsistent descriptions, rendering the bill deficient on demurrer. Bell v. Leggett, 175 Ala. 443, 57 So. 836. Counsel discuss the other questions treated, but without citing additional authorities.

A. Leo Oberdofer, of Birmingham, for appellee.

Where there is a conflict between the allegations of the bill and the exhibit, the exhibit governs. 21 C. J. 404. A decree on demurrer to a bill will be confined to the grounds assigned. Defects not pointed out will not be considered. Whitman v. Taber, 203 Ala. 496, 83 So. 595; Code 1923, § 6553; Dickerson v. Winslow, 97 Ala. 401, 11 So. 918; Allen v. Allen, 80 Ala. 154; Vaugh v. Vaugh, 180 Ala. 212, 60 So. 872. The bill is not multifarious against appellants. Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815; 21 C. J. 416.

THOMAS, J. The original bill by Marx is for foreclosure of a mortgage given by Lunsford to De Graffenried to secure the balance of the purchase price of the lands embraced in that conveyance.

The original bill alleges that said mortgagor had conveyed the land to Davis subject to the terms of the De Graffenried mortgage, and makes parties respondent the mortgagor and grantee Davis, and does not make a party the original grantee, De Graffenried, if living, or his legal representatives, if he is dead. It was held that the lack of necessary parties complainant and respondent shown by inspection of the bill was duly challenged by demurrers. Lunsford v. Marx, 212 Ala. 144, 102 So. 110; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Langley v. Andrews, 132 Ala. 147, 31 So. 469; Jones v. Caldwell, 116 Ala. 364, 22 So. 456; Prout v. Hoge, 57 Ala. 28.

[1] The description contained in the original bill was approved on former appeal. Lunsford v. Marx, 212 Ala. 144, 102 So. 110. And as embraced in the amended bill, it is sufficient. If there be a conflict between the bill and exhibit, duly indicated by demurrer, the description contained in the exhibit will prevail. 21 C. J. p. 404, note 76. The rule in chancery is that the exhibit is the foundation of the action and becomes a part of the record, and will control the averments of the complaint and nature of the action. Cox v. Smith, 99 Ark. 218, 138 S. W. 978.

[2] The case of Bell v. Leggett, 175 Ala. 443, 57 So. 836, cited by appellants, was in ejectment, and it was held that the first call of the description was uncertain and ambiguous, yet the other calls therein were definite, and under them the land could be located; the latter calls governed, and the mortgage was not invalid for the ambiguity indicated. There is no analogy to the instant amended bill for accounting and foreclosure of mortgages. The amended bill for foreclosure by a subsequent transferee and assignee of the debt and mortgage securing the same was sufficient as against the demurrer directed thereto. It is an established rule of equity pleading that a decree on demurrer to a bill will be confined to the ground assigned. That is to say, unless amendable defects of a bill in equity are duly objected to and pointed out with reasonable certainty, they will not be considered. Whiteman v. Tabor, 203 Ala. 496, 500 (4), 83 So. 595; Dickerson v. Winslow, 97 Ala. 491, 11 So. 918.

[3] The amended bill is not multifarious because it prays foreclosure of the mortgage given by De Graffenried to Marx, and at the same time an accounting and foreclosure of the mortgage held as security for the debt due from the Lunsfords to De Graffenried and duly assigned to and held as collateral security by Marx for the debt of De Graffenried. Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815; Gill v. More, 200 Ala. 511, 76 So. 453; 21 C. J. p. 416, § 435.

The judgment of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.