(128 So. 783)

### EZZELL v. RICHARDSON et al.

8 Div. 179.

Supreme Court of Alabama.

June 5, 1930.

Travis Williams, of Russellville, and Kirk & Rather, of Tuscumbia, for appellant.

Key & Key, of Russellville, for appellees.

GARDNER, J.

The amended bill seeks the foreclosure of a real estate mortgage executed by Robert L. and William T. Richardson to John T. and Laura O. Ezzell to secure four promissory notes due on different dates, which notes were payable to said John T. and Laura O. Ezzell jointly.

■ It is a well-settled rule of equity pleading that complainant's title should be stated with sufficient clearness and certainty to enable the court to see clearly he has such a right as warrants its interference. Overton v. Moseley, 135 Ala. 599, 33 So. 696; Eutaw Ice, Water & Power Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609; Cockrell v. Gurley, 26 Ala. 405; 21 Corpus Juris 397.

■ The bill shows a parol gift of two of said notes by John T. Ezzell to complainant which would suffice to that extent as an equitable assignment of the mortgage given as part security therefor. Harton v. Little, 176 Ala. 267, 57 So. 851; Lunsford v. Marx, 212 Ala. 144, 102 So. 110; Herring v. Elliott, 218 Ala. 203, 118 So. 391. But these notes are made exhibit to the bill, and disclose that both John T. and Laura O. Ezzell are payees named therein, and in face of such situation we think the bill should show how John T. Ezzell, complainant donor, acquired the entire title thereto. Failing in this respect, complainant's title is not stated with sufficient clearness and certainty to meet the requirement of good pleading.

■■ The mortgage, also an exhibit to the bill, is made jointly to John T. and Laura O. Ezzell. There is no pretense of any assignment thereof to complainant. The legal title to the land is therefore shown to be in John T. and Laura O. Ezzell, jointly. The court will not proceed to a foreclosure in the absence of the legal title, and these parties or their representatives are indispensable parties to this suit—an objection which may be taken by the court ex mero motu. Langley v. Andrews, 132 Ala. 147, 31 So. 469; Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Lunsford v. Shannon, 208 Ala. 409, 94 So. 571; Rountree v. Satterfield, 211 Ala. 464, 100 So. 751; Lunsford v. Marx, supra; Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837.

In Lunsford v. Shannon, supra, it is expressly held that where there are several co-mortgagees all must be made parties to a suit for foreclosure, as the exercise of the specific authority vested in more than one mortgagee, for the benefit of the holder of the note or notes secured by the mortgage, is a matter of interest of all mortgagees. The title to be affected must be before the court.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.