2 So.2d 770

### SWANN v. RECONSTRUCTION FINANCE CORPORATION et al.

6 Div. 854.

Supreme Court of Alabama.

May 29, 1941.

Martin, Turner & McWhorter and Chas. F. Turner, all of Birmingham, for appellant.

Harris & Brown, of Birmingham, for appellees.

BOULDIN, Justice.

■ "It is a cardinal rule of pleading in equity, as has been said by this court, founded in reason and good sense, that a bill must show the complainant's title to relief with sufficient certainty and clearness to enable the court to see plainly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the case which he is called upon to defend. Matters essential to the complainant's right to relief must appear, not by inference, but by direct and unambiguous averment. Cockrell v. Gurley, 26 Ala. 405; Duckworth v. Duckworth, 35 Ala. 70; McDonald v. [Mobile Life] Co., 56 Ala. 468; [Savannah & M. R.] R. Co. v. Lancaster, 62 Ala. 555; Goldsby v. Goldsby, 67 Ala. 560." Sullivan, Receiver, etc. v. Vernon et al., 121 Ala. 393, 25 So. 600, 601.

This statement of the rule, is well supported by authorities there cited, and has been consistently followed in later decisions. Scott et al. v. Jackson Securities & Investment Co., 225 Ala. 90, 142 So. 76;

Adler v. First Nat. Bank of Birmingham, 233 Ala. 325, 171 So. 904; Ezzell v. Richardson, 221 Ala. 346, 128 So. 783; Burch et ux. v. Driver, 205 Ala. 659, 88 So. 902; Eutaw Ice, Water & Power Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609.

The Reconstruction Finance Corporation and the First National Bank of Birmingham filed a bill to foreclose a mortgage.

The bill discloses the execution of the mortgage by respondent to the First National Bank of Birmingham to secure an indebtedness to the Bank therein set forth, evidenced by note and mortgage. The mortgage is made exhibit to the bill. Averments of default in payment are not questioned.

■ Section 8 of the bill reads: "Your Complainants further show that heretofore, on to-wit: the 17th day of September, 1940 the said note and mortgage and all instruments collateral thereto were transferred and assigned by the complainant, The First National Bank of Birmingham, to the complainant, Reconstruction Finance Corporation; the said First National Bank of Birmingham retaining a ten per cent interest in said indebtedness."

The bill is challenged by demurrer on two grounds: 1: That it does not sufficiently disclose ownership of the mortgage indebtedness by Reconstruction Finance Corporation. 2: It does not aver that these complainants were the owners of the mortgage indebtedness when the bill was filed, November 28, 1940.

Section 8 of the bill sufficiently discloses an assignment of the note and mortgage, passing the ownership of the mortgage debt, except ten per cent thereto, retained by the mortgagee.

True, the bill does not disclose such an assignment as would pass the legal title to mortgaged realty to the assignee. But any form of assignment would suffice here, for the reason that the mortgagee and assignee are both parties to the suit giving the court full jurisdiction over the legal title. Buckheit et al. v. Decatur Land Co., 140 Ala. 216, 37 So. 75.

We observe the first headnote in the report of above case in 140 Ala. is inaccurate, as appears from a careful reading of the opinion. The headnote in 37 So. is correct. See, also, Lunsford et al. v. Marx, 212 Ala. 144, 102 So. 110.

The instant case is thus differentiated from Shepherd et al. v. Birmingham Trust & Savings Co., 233 Ala. 320, 171 So. 906.

288

The bill being filed by the mortgagee, and the assignee of the mortgage indebtedness in part, it was not necessary to further allege they or either of them was still the owner when the bill was filed.

The bill quite clearly discloses an effort to foreclose on behalf of those entitled in equity to receive payment. An express averment that they still owned the indebtedness secured by the mortgage would be tantamount to a negative averment denying they had parted with the title they set up in the bill as a basis for relief. Good pleading does not go to this extent. Adler v. First Nat. Bank of Birmingham, supra; Worth et al. v. Knickerbocker Trust Co., 171 Ala. 621, 55 So. 144; 42 C.J. 83, § 1615 (b).

There was no error in overruling the demurrer.

Affirmed.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.