# Royal Lumber Company *v.* Ellsberry.

*Failure to Satisfy Mortgage on Record.*

(Decided November 13, 1913.  63 South. 785.)

*Mortgages; Entry of Satisfaction; Penalty.*—A mortgagee who had transferred the mortgage to a bank as collateral security when the mortgagor's request to enter satisfaction on the margin of the record was made, the bank then holding such mortgage as such security, did not have such an interest in the mortgage as would entitle him to enter satisfaction on the record, and hence, a failure to do so would not subject him to the penalty prescribed by section 4898, Code 1907.

APPEAL from Cleburne Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by W. L. Ellsberry against the Royal Lumber Company for the penalty for failure to enter on the margin of the record a satisfaction of a mortgage. From a judgment directed for plaintiff defendant appeals. Reversed and remanded.

BLACKWELL & AGEE, for appellant. The notice introduced in evidence was a copy, and as no notice was given by plaintiff to produce the original, and as the loss or destruction of the original notice was not accounted for, the court was in error in permitting the introduction of the copy.—*Loeb v. Huddleston,* 105 Ala. 257; *S. L. & S. F. R. R. Co. v. Cotton,* 169 Ala. 409. The notice was not sufficient.—*Chattanooga N. B. & L. Ass'n v. Echols,* 129 Ala. 548. The court erred in giving the affirmative charge as it appeared from the evidence undisputed, that at the time notice was served on the mortgagee the mortgage had been transferred as collateral security, and was then held by the bank as such collateral.—*Harris v. Swanson,* 67 Ala. 488.

MERRILL & MERRILL, for appellee.   No brief reached
the Reporter.

WALKER, P. J.—This was an action by the appel-
lee to recover the statutory penalty for the failure of the
appellant, a mortgagee, after a request in writing to do
so, to enter satisfaction on the margin of the record of
the mortgage.—Code, § 4898.   The general affirmative
charge in favor of the plaintiff was given at his request.
Under the evidence adduced in the trial, this action of
the court cannot be sustained.   There was evidence
tending to prove that, while the debt secured by the
mortgage was still unpaid, it was by the mortgagee
transferred as collateral security to a bank, which still
held it as collateral when the request was made, and
that subsequently, and before the payment of the mort-
gage debt, the mortgagee, in a transaction to which the
mortgagor was a party, transferred to a third party all
interest it had in the mortgage, and that it had no in-
terest in or title to it when the request to enter satisfac-
tion on the record was made.   There was other evidence
tending to prove that this last-mentioned transfer was
never consummated; but, under the aspect of the evi-
dence above mentioned, the mortgagee did not, when
the request was made, have such interest in the mort-
gage as to entitle it to enter satisfaction on the record.
If such transfer was made before the request was made,
the mortgagee had no power or authority to satisfy the
mortgage, and its failure to comply with the request
did not subject it to the statutory penalty.—*Harris v.
Swanson & Brother,* 67 Ala. 486.

The question presented as to the right of the plaintiff
to offer secondary evidence of the written request or
notice served on the mortgagee need not be passed on,

as the question is one which may be readily avoided in another trial.

Reversed and remanded.