(105 So. 585)

**FEDERAL LAND BANK OF NEW ORLEANS et al. v. BRANSCOMB.**

(7 Div. 577.)

(Supreme Court of Alabama. June 18, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Mortgages ⬠314—Generally, proper party to enter satisfaction is mortgagee.**

Generally, the proper party to enter a satisfaction of mortgage on the record is the mortgagee, the person shown by the record to be entitled to receive payment.

**2. Mortgages ⬠270—Assignment not presumed.**

An assignment of a mortgage will not be presumed.

**3. Bills and notes ⬠318, 320—Nonnegotiable paper in hands of assignee held subject to payments and set-offs.**

Nonnegotiable paper in hands of assignee is subject to all payments and set-offs had or acquired before notice of assignment.

**4. Bills and notes ⬠327—Incidents of commercial paper in hands of holder in due course relate to parties thereto and those similarly bound.**

Incidents of commercial paper in hands of holder in due course relate to parties thereto and those similarly bound, in view of Code 1923, § 9083.

**5. Mortgages ⬠235—Assignment of note secured by mortgage passes merely equity in security.**

Assignment of note secured by mortgage passes merely equity in security, the legal title remaining in the mortgagee.

**6. Mortgages ⬠224—Title of security passes only on assignment duly executed.**

Legal title of security passes only upon assignment in writing, duly executed as are other conveyances of land.

**7. Mortgages ⬠224—Assignment without apt words of conveyance leaves legal title in mortgagee.**

Assignment without apt words of conveyance leaves legal title in mortgagee, in absence of exercise of power of sale in mortgage within Code 1923, § 9010.

**8. Mortgages ⬠427(2)—Mortgagee is necessary party to bill in equity for foreclosure.**

Mortgagee is necessary party to bill in equity for foreclosure.

**9. Mortgages ⬠254—Assignee of note holds only secret equity as to third persons having no connection with note.**

Assignee of note only holds secret equity as to third persons having no connection with the paper; the trust under which the mortgagee under such circumstances holds the legal title for owner of debt being a secret trust as to outsiders.

**10. Estoppel ⬠72—Of two innocent persons who must suffer, one placing other in position to be defrauded must suffer.**

Of two innocent persons who must suffer, the one placing the other in the position to be defrauded must suffer.

**11. Fraud ⬠50—Law does not presume fraud.**

Law does not presume fraud, and does not impose upon persons duty to presume it in absence of circumstances of suspicion.

**12. Mortgages ⬠249(3)—Bona fide purchaser of mortgagee, relying on satisfaction of record, acquires rights superior to those of assignee of note.**

When the record of a mortgage not showing the existence of negotiable paper within Code 1923, § 9029, has been marked satisfied by the mortgagee, there being no assignment of record, a bona fide purchaser or mortgagee of the lands, relying on the satisfaction of record by the person shown by the record to be the proper person to enter satisfaction, acquires a right superior to that of the assignee of the note, whether or not negotiable.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by L. C. Branscomb against the Federal Land Bank of New Orleans and others. From a decree on demurrer, respondents appeal. Reversed and remanded.

The bill, filed against J. H. Wilson, George P. Kyser, as trustee in bankruptcy of J. H. Wilson, Mrs. B. J. Calhoun, and the Federal Land Bank of New Orleans, alleges that on February 9, 1920, J. H. Wilson was indebted to complainant and executed his note to complainant to secure the same; that on February 28, 1920, the respondent Calhoun became indebted to said Wilson and executed to Wilson her note, secured by a mortgage on lands in Calhoun county, which mortgage was filed for record and recorded in the office of the probate judge of said county; that thereafter, before maturity, Wilson transferred to complainant the note and mortgage executed to Wilson by respondent Calhoun to secure Wilson's note to complainant; that on February 15, 1923, the respondent Calhoun became indebted to the respondent Federal Land Bank, and executed to said bank a mortgage on the lands embraced in her mortgage to Wilson; that the respondent bank has advertised said lands for sale under the mortgage to it, and unless restrained will sell the lands.

The bill further alleges that on the margin of the record of the mortgage from Calhoun to Wilson there appears this indorsement:

"Satisfaction having been received of that certain mortgage signed by B. J. Calhoun to J. H. Wilson, and recorded in Book 231, page 417, of the records of Calhoun county, Alabama, I hereby cancel same of record, J. H. Wilson."

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

And it is averred that at the time Wilson made such indorsement on the record he had no right to receive payment by reason of his transfer of said note and mortgage to the complainant, which were at the time the property of the complainant. It is further shown by the bill that the note from Wilson to complainant and the note from Calhoun to Wilson are still unpaid, and that Wilson has, subsequent to these transactions, become a bankrupt.

The prayer of the bill is that the lien of the mortgage from Calhoun to Wilson, and transferred by Wilson to complainant, be declared superior to any right, title, or interest of any of the respondents in or to the lands involved, and that the same be sold for the payment of the indebtedness due by Wilson to the complainant.

Respondent Land Bank demurred to the bill—respondent Calhoun assigned the same grounds assigned by the bank—on these grounds, among others:

"(7) The bill shows that this respondent had no notice of the fact, if it be a fact, that the Calhoun notes, alleged to have been transferred to complainant, were negotiable."

"(9) The allegations of the bill show no notice to this respondent of the transfer of the Calhoun notes or mortgage to complainant, nor facts sufficient to put it on inquiry."

"(12) The bill shows on its face that, so far as the record of said Calhoun mortgage showed, Wilson had the right to satisfy the record thereof, as it is alleged in the bill that he did."

"(13) The bill shows that this respondent had a right to rely on the satisfaction of the record of the Calhoun mortgage to Wilson, made as alleged in the bill, and that, after such satisfaction, without notice of a transfer, this respondent is a bona fide purchaser for value."

"(14) For that the bill shows on its face full satisfaction of the mortgage sought to be foreclosed, on the public record of mortgages, and shows no notice to this respondent of the secret equity in the lands now sought to be enforced by the complainant."

From the decree overruling their demurrer, these respondents appeal and assign the same as error.

R. T. Goodwyn, of Montgomery, and Rutherford Lapsley, C. H. Young, and Merrill & Allen, all of Anniston, for appellants.

An instrument, to be negotiable, must be an unconditional promise to pay a sum certain in money, and payable to order or bearer. Code 1923, § 9029; Weinstein Bros. v. Citizens' Bank, 13 Ala. App. 552, 69 So. 972. Subsequent purchasers of the mortgaged premises have a right to rely upon the recitals of the record of the previous mortgage, and have no notice of anything not contained in the record. If the record does not show the note secured to be negotiable, subsequent purchasers have the right to rely upon a satisfaction made by the original mortgagee. 19 R. C. L. 286; Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; Hand v. Kemp, 207 Ala. 309, 92 So. 897; Arnold & Co. v. Pinckard & Lay, 16 Ala. App. 390, 80 So. 164; Ex parte Pinckard & Lay, 202 Ala. 699, 80 So. 894; Ogle v. Turpin, 102 Ill. 148.

S. W. Tate, of Anniston, for appellee.

If the note is negotiable, and negotiated before maturity, the assignee alone can collect. Respondent took in subordination to complainant's right, although there is no record of the prior assignment. Barbour & Son v. Washington F. & M. Ins. Co., 60 Ala. 433; Sherrill v. M. & M. Bank, 195 Ala. 175, 70 So. 723; Drinkall v. Movius, 11 N. D. 10, 88 N. W. 724, 57 L. R. A. 341, 95 Am. St. Rep. 693; Wilson v. Campbell, 110 Mich. 580, 68 N. W. 278, 35 L. R. A. 544; Hollinshead v. Globe Inv. Co., 8 N. D. 35, 77 N. W. 89, 42 L. R. A. 659; Marling v. Nommensen, 127 Wis. 363, 106 N. W. 844, 5 L. R. A. (N. S.) 412, 115 Am. St. Rep. 1017, 7 Ann. Cas. 364; Snead v. Barclift, 2 Ala. App. 297, 56 So. 595; Capital City Ins. Co. v. Quinn, 73 Ala. 558. Where a note, transferred as collateral security, is secured by a mortgage, such mortgage follows the note. Thompson v. Maddux, 117 Ala. 468, 23 So. 157; Davies v. Simpson, 201 Ala. 616, 79 So. 48.

BOULDIN, J. The case made by the record is briefly this: A mortgage was given upon lands to secure an indebtedness evidenced by a negotiable promissory note. The mortgagee, for value and before maturity, assigned the note to a holder in due course. After the maturity of the note, and without payment of same, the mortgagee entered satisfaction of the mortgage upon the record thereof. Thereafter the mortgagor executed to a third person a mortgage to secure a loan. This second mortgagee had no notice of the assignment of the former mortgage note, nor that it was still outstanding. No written assignment of the former mortgage was made and recorded.

The mortgage of record expressed the consideration thus:

"To secure an indebtedness of two thousand dollars and other contingent sums owing by myself, Mrs. B. J. Calhoun, widow, to J. H. Wilson, which are evidenced by my promissory notes of even date herewith payable on the 1st day of October, 1920."

[1, 2] The question is: Who has the superior lien upon the land? The general rule is that the proper party to enter satisfaction of a mortgage upon the record is the mortgagee, the person shown by the record to be entitled to receive payment; that an assignment of the mortgage will not be presumed; and that a subsequent bona fide purchaser from the mortgagor, who, without notice of the assignment, has parted with his money, relying upon a cancellation made by the party

snown by the record to be the proper party, will be protected against the equity of the assignee. Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; Hand v. Kemp, 207 Ala. 309, 92 So. 897; 2 Jones on Mortgages, 814, 989; 19 R. C. L. p. 364, § 133; 27 Cyc. 1421, 1431.

In the leading case of Vann v. Marbury, supra, an exception to the above rule is suggested "where the mortgage shows upon its face the negotiable character of the notes it secures, in which event it might be incumbent on a subsequent purchaser to inquire as to whether the notes have been assigned. Keohane v. Smith, 97 Ill. 156; 1 Jones on Mortg. § 814." In Hand v. Kemp, supra, the same qualification is mentioned. Both these cases involved nonnegotiable notes, or paper similarly governed, and the language employed indicates the exception stated is left an open question.

[3] The appellee stresses the rule that only the holder of negotiable paper is entitled to make collection; that payment to the payee after negotiation is void; that no notice of the assignment need be given; that the person making payment is bound at his peril to pay to him who is in position to surrender the paper; and that the mortgage security partakes of the nature, and is entitled to the same protection under the commercial law, as the secured debt. These principles are not questioned. It is further the law that nonnegotiable paper in the hands of an assignee is subject to all payments and set-offs had or acquired before notice of the assignment.

[4] But the incidents of commercial paper in the hands of a holder in due course relate to the parties thereto and those similarly bound. Code, § 9083. We are here dealing with the rights of a third person who not only did not know of an assignment, but had no knowledge of the existence of the negotiable note set up by complainant. A negotiable note must be payable to order or to bearer; must be for a sum certain; must be an unconditional promise. Code, § 9029. The record of the mortgage before us shows none of these incidents. "Two thousand dollars and other contingent sums" shows uncertainty in amount, and shows a condition or contingency upon which the full amount is payable. Appellee's position assumes that it is the duty of third persons contemplating a purchase or the taking of a mortgage on land and finding the record of a mortgage marked satisfied by the mortgagee—a notice of satisfaction by the same person who by placing it to record gave notice of its existence—to go further and ascertain whether the debt was evidenced by negotiable paper, and, if so, any unknown assignee of such paper who may claim under the mortgage, or else find the original papers duly surrendered. This is to render nugatory the entry of satisfaction required by law under penalty, greatly contribute to uncertainty of titles, and involve still greater expense in making abstracts of title.

[5-8] The assignment of the note secured by mortgage passes merely an equity in the security. The legal title remains in the mortgagee. This passes only upon an assignment in writing, duly executed as other conveyances of land. We have a statute enlarging the effect of a power of sale in the mortgage which passes with the debt, and when exercised has the effect of a foreclosure in equity wherein all parties are present. Code, § 9010. But until the power is exercised, an assignment without apt words of conveyance leaves the legal title in the mortgagee, who is a necessary party to a bill in equity for foreclosure. Langley v. Andrews, 132 Ala. 147, 31 So. 469.

[9-11] The assignee of the note only, therefore, holds only a secret equity as to third persons having no connection with the paper. The mortgagee holds the legal title in trust, it is true, for the owner of the debt, but it is a secret trust as to outsiders. The law of negotiable instruments is not intended to overturn the rules of law governing titles to land. By failure to take an assignment which is subject to record as other conveyances, the assignee of the note thus leaves the mortgagee the record owner, the actual owner of the legal title, placing him in position to defraud innocent parties. Where one of two innocent persons must suffer, it must be the one who has placed the other in position to be defrauded. The law does not presume fraud, and does not impose upon persons the duty to presume fraud, in the absence of circumstances of suspicion.

Numerous pertinent maxims of the law might be recalled. We would be understood as leaving open the question as to whether there is a further duty when the record of the mortgage shows the secured debt is evidenced by negotiable paper, as our former cases have done, to be decided when occasion arises.

[12] What we now decide is that when the record of the mortgage, not showing the existence of negotiable paper, has been marked satisfied by the mortgagee, there being no assignment of record, a bona fide purchaser or mortgagee of the lands, relying upon the satisfaction of record by the person shown by the record to be the proper person to enter satisfaction, acquires a superior right to the assignee of the note, whether in fact negotiable or not.

There was error in overruling the demurrer to the bill.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.