(107 So. 88)

### FEDERAL LAND BANK OF NEW ORLEANS v. CORINTH BANK & TRUST CO. (8 Div. 769.)

(Supreme Court of Alabama. Jan. 14, 1926.)

I. Equity ☞239—Bill construed to admit, on demurrer, transfer of mortgage note to respondent but not that respondent was holder in due course.

Bill to have mortgage title declared superior to respondent's which alleged complainant paid outstanding mortgage to record owner, and that respondent is now claiming to be owner of mortgage by reason of ownership of notes secured thereby, construed against pleader on demurrer, must be taken to admit transfer of note from mortgagee to respondent but not to admit respondent was holder in due course.

2. Bills and notes ☞427(4)—Maker of nonnegotiable note may pay same to payee before or after maturity, though note not delivered up if maker without notice of transfer.

The maker of a nonnegotiable promissory note may pay same to payee before or after maturity, even though note be not delivered up on payment, provided maker has no notice of indorsement or transfer thereof to third party.

3. Bills and notes ☞318—Effect of assignment of negotiable paper before maturity without notice to debtor stated.

Negotiable paper, requiring indorsement, and assigned by delivery before maturity, unless payable to bearer or indorsed, is subject in hands of assignee, until debtor is notified of the assignment, to same equities as would have affected party from which it is received.

4. Bills and notes ☞427(2)—Notice of transfer need not be given maker, where negotiable note ·transferred by indorsement before maturity.

When a negotiable note has been duly negotiated by indorsement before maturity, notice of transfer need not be given maker, and payment to payee does not affect rights of transferee.

5. Mortgages ☞186(2)—Bill alleging payment of mortgage to record owner held good.

In suit by complainant to have its mortgage title declared superior to that of respondent, where bill alleged complainant paid outstanding mortgage on property to record owner, bill prima facie showed payment and discharge of mortgage and imposed burden on one who claimed mortgage, because of ownership of mortgage note secured by it, to show that it was indorsee of such note before maturity, and hence demurrer to bill should have been overruled.

6. Mortgages ☞249(3) — Purchaser of property from mortgagor, without notice of mortgagee's transfer of mortgage note, protected, when record on margin shows entry of satisfaction and release.

Even when record shows mortgage debt is evidenced by mortgage note, one who purchases property from mortgagor, without notice of transfer of note by mortgagee, ought to be pro-

tected as bona fide purchaser, where record exhibits entry of satisfaction and release of mortgage on margin of record.

**7. Mortgages ⬤➞249(3) — Complainant who, prior to purchase, knew of unsatisfied mortgage and paid same to record owner, not bona fide purchaser as against one to whom notes secured by mortgagee were negotiated by mortgagee.**

Where complainant, prior to purchase, knew there was outstanding unsatisfied mortgage on the property, and paid mortgage to one shown to be record owner, entry of satisfaction and release being made subsequent to such payment, complainant could not claim to be bona fide purchaser against one to whom notes secured thereby were negotiated by mortgagee; complainant being bound to ascertain whether mortgagee still held the notes at time of payment.

**8. Mortgages ⬤➞171(6)—Mortgage note a part of mortgage, and recordation as such proper, and operated as constructive notice of its character.**

A mortgage note *held* part of mortgage, and its recordation as such proper, and operated as constructive notice of its character.

**9. Bills and notes ⬤➞167 — Provisions that mortgage conveyance should also be security for other debts did not affect maker's obligation to pay mortgage note according to terms or affect its negotiability.**

Where a mortgage conveyance contained provisions that it should also be a security for other debts, such provision did not affect obligation of maker of mortgage note, secured by mortgage, to pay amount of note precisely according to its terms or affect note's negotiability.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill in equity by the Federal Land Bank of New Orleans against the Corinth Bank & Trust Company. From a decree on demurrer, complainant appeals. Reversed, rendered, and remanded.

The bill alleges that on October 2, 1922, complainant loaned a certain sum to P. H. Lawler, and took as security therefor a mortgage on the lands described; that in making application for the loan Lawler stated that there was an outstanding mortgage upon a part of the land executed by P. H. Lawler to J. J. Lawler; that the check for the loan by complainant was made payable to H. P. Lawler, J. J. Lawler, W. H. Key, secretary treasurer, and W. H. Key, attorney, the name of J. J. Lawler being inserted so that the mortgage held by him might be paid out of said check; that said check was indorsed by the payees, and out of the proceeds the mortgage to J. J. Lawler was paid and satisfaction thereof marked on the margin of the record of said mortgage by said J. J. Lawler; that at the time of application for the loan and of making the loan said mortgage to J. J. Lawler was long past due, and that the record failed to show that any one other than the mortgagee owned the same, or that respondent had any interest therein, or that said mortgage had been transferred to it; that complainant paid said mortgage by paying the man the records showed to be the owner, and had no notice, written or otherwise, of any interest therein by the respondent until over two years after making its loan to P. H. Lawler.

It is further alleged that the respondent is now claiming to be the owner of said mortgage (to J. J. Lawler) and is seeking to foreclose the same. It is prayed that respondent be enjoined from foreclosing said mortgage; that complainant be decreed to be an innocent purchaser of the property involved; that its mortgage be decreed to be a first mortgage; that the mortgage to J. J. Lawler be canceled; and general relief is prayed.

To the bill respondent interposed these grounds of demurrer:

(1) Said bill sets up transactions between P. H. Lawler and the complainant which it alleges took place, which are ex parte and not binding on this defendant.

(2) There is no equity in said bill. This bill sets up and shows that it had knowledge of the mortgage under which this respondent claims prior to the time that it made the loan to P. H. Lawler.

(3) The complainant had knowledge before it made the loan to P. H. Lawler that the said P. H. Lawler and his wife executed a commercial paper to J. J. Lawler which was secured by mortgage on the lands here involved.

(4) It is not alleged in said bill that the complainant took up, or had marked "Satisfied" the mortgage which P. H. Lawler and his wife gave to J. J. Lawler, which was transferred to this respondent, and the said complainant, in paying said mortgage without having the same taken up, was acting at their peril.

(5) The fact that the check was payable to P. H. Lawler, J. J. Lawler, and W. H. Key in no sense binds this respondent.

(6) It is not alleged that the mortgage held by this respondent was owned or in the possession of J. J. Lawler at the time that they undertook to settle the same with the said J. J. Lawler.

(7) It is not alleged that the said J. J. Lawler had a right to mark the record of said mortgage "Satisfied" at the time he did so.

(8) It is not alleged that said mortgage was in the possession of J. J. Lawler, or that he had a right to mark it "Paid and Satisfied" at the time he did have it satisfied.

(9) It is not alleged that the complainant is a bona fide purchaser for value of said lands.

(10) It is not alleged that this respondent is not a bona fide purchaser for value of said note and mortgage given by P. H. Lawler and wife to J. J. Lawler.

(11) From aught that appears by said bill, this respondent was the purchaser for value of the note made by P. H. Lawler and wife to J. J. Lawler before it became due, and was therefore an innocent purchaser and a holder for value of the note securing said mortgage.

The trial court sustained the demurrer, and complainant has appealed.

R. T. Goodwyn, of Montgomery, and Key & Key, of Russellville, for appellant.

It was not necessary that the bill aver the negative fact that respondent did not become the holder of the mortgage before maturity. German-American Nat. Bank v. Lewis, 9 Ala. App. 352, 63 So. 741. Less particularity is required where the matter averred is more within the knowledge of the adversary. B. R., L. & P. Co. v. Mosely, 164 Ala. 112, 51 So. 424; L. & N. v. Jones, 83 Ala. 376, 3 So. 902; 21 R. C. L. 485. The proper party to enter satisfaction on the record of a mortgage is the mortgagee; and a subsequent bona fide purchaser from the mortgagor and without notice of assignment will be protected. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; Hand v. Kemp, 207 Ala. 309, 92 So. 897. Where one of two innocent parties must suffer, it will be that one who has placed the other in a position to be defrauded. Williams v. Jackson, 107 U. S. 478, 2 S. Ct. 814, 27 L. Ed. 529; Huckabee v. Billingsly, 16 Ala. 414, 50 Am. Dec. 183; Langley v. Andrews, 132 Ala. 149, 31 So. 469.

Williams & Chenault, of Russellville, for appellee.

Payment without surrender of the instrument is at risk of the party making the payment, except as to nonnegotiable paper. 8 C. J. 581. If the note had been negotiated before maturity, the payor was powerless to discharge his obligation by attempted payment to the payee, whether the payor had notice of the transfer or not. Sherrill v. Merchants' Co., 195 Ala. 175, 70 So. 723; Snead v. Barclift, 2 Ala. App. 297, 56 So. 592; Drinkall v. Bank, 11 N. D. 10, 88 N. W. 724, 57 L. R. A. 341, 95 Am. St. Rep. 693; 7 Cyc. 1036; Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70. The bill shows the mortgage secured a promissory note. This fact was notice to appellant. Davies v. Simpson, 201 Ala. 616, 79 So. 48. The mortgage is a mere incident to the note. Thompson v. Maddux, 117 Ala. 468, 23 So. 157.

SOMERVILLE, J. The equitable relief sought by the complainant in this case—the establishment of its mortgage title as superior to the older mortgage title of the respondent—depends upon two inquiries: (1) Did the payment of the debt secured by the older mortgage—made to the mortgagee, J. J. Lawler—satisfy and extinguish its lien on the land in suit, notwithstanding the transfer of the negotiable note to which it was attached, and which it was given to secure? (2) If that payment was not a payment and satisfaction of the mortgage, binding on the transferee of the note, was the complainant nevertheless a bona fide purchaser of the land by reason of the fact that no other person than the mortgagee, J. J. Lawler, appeared upon the title records as the owner of the mortgage, or of the note secured thereby, or as having any interest therein?

[1] The bill of complaint does not in terms allege that the note in question was ever transferred by the mortgagee, Lawler, to the respondent bank, but only that the respondent is claiming to own it, and is seeking to collect it by foreclosure of the mortgage security. But, construing the bill more strongly against the pleader, it must be taken as admitting such a transfer in the absence of its negation. It will not, however, even on demurrer, be construed as admitting that the respondent is a holder in due course—that is, by indorsement before maturity—and the failure to deny that fact, which is defensive in its nature, is not a defect rendering the bill subject to demurrer.

Pertinent to the inquiries stated, the following principles of law have been clearly settled:

[2] (1) "The maker of a promissory note, *not negotiable*, may pay the same to the payee after its maturity, even though the note be not procured and delivered up at the time of payment, provided the maker has had no notice of the indorsement or transfer of the note to a third person." Hart v. Freeman, 42 Ala. 567; Vann v. Marbury, 100 Ala. 438, 442, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70, adding further that it was immaterial whether the payment was made before or after maturity.

[3] (2) "Even negotiable paper assigned before maturity, unless payable to bearer, or indorsed, will be subject in the hands of the assignee, until the debtor is notified of the assignment, to the same equities as would have affected the party from whom it was received. The rule in such cases, applicable to both nonnegotiable and negotiable paper, has been well stated as follows: 'When the written evidence of indebtedness is nonnegotiable or *overdue*, indorsement will not obviate the necessity of notice, but when negotiable paper requiring indorsement is assigned by delivery, notice has been held necessary to perfect the assignment.' Wade on Notice, § 442."

[4] (3) When a negotiable note has been

duly negotiated—that is, transferred *by indorsement before maturity*—notice of the transfer need not be given to the maker, and payment to the payee does not affect the rights of the transferee. Sherrill v. M. & M., etc., Bank, 195 Ala. 175, 70 So. 723; 8 Corp. Jur. 581, § 812.

[5] The application of these principles to the allegations of the bill, as we have construed them, leads to the conclusion that the bill shows prima facie a payment and discharge of the Lawler mortgage, imposing upon the respondent the burden of showing by answer its defensive position as indorsee before maturity, proof of which will of course nullify the equity of the bill in so far as it rests upon the theory merely of payment of the mortgage debt. The demurrer should therefore have been overruled; no one of its several grounds being well taken.

But complainant's theory of his case is that, even conceding that the payment to the mortgagee, Lawler, was not binding on the respondent, as the indorsee of a negotiable note with the status of a holder in due course, yet it cannot be subordinated in title to any holder of a secret equity in the land, any holder whose interest is not disclosed by the records of conveyances, in the face of complainant's reliance upon the record showing only that Lawler was the mortgagee, and importing that he had the right to satisfy and discharge the mortgage as an incumbrance on the land, which he actually did.

In support of this claim that it is a bona fide purchaser of the land, without notice of respondent's unrecorded equity, complainant cites the language of Mr. Justice Bouldin in the recent case of Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585:

"The general rule is that the proper party to enter satisfaction of a mortgage upon the record is the mortgagee; * * * that an assignment of the mortgage will not be presumed; and that a subsequent bona fide purchaser from the mortgagor, who, without notice of the assignment, has parted with his money, relying upon a cancellation made by the party shown by the record to be the proper party, will be protected against the equity of the assignee."

The decision in that case, limited by the facts presented, was that such a bona fide purchaser would be protected where the *record of the first mortgage did not show the existence of negotiable paper*, whether the secured paper was in fact negotiable or not. As in the similar cases of Vann v. Marbury, supra, and Hand v. Kemp, 207 Ala. 309, 92 So. 897, the case of a negotiable instrument, shown by the mortgage record, was expressly left undecided.

[6] Notwithstanding the reservation stated in the Branscomb Case, we think the reasoning of the opinion supports and would justify the conclusion that, even when the record shows that the mortgage debt is evidenced by a negotiable note, one who purchases the property from the mortgagor, without any notice of the transfer of the note by the mortgagee, ought to be protected as a bona fide purchaser, when the record exhibits the entry of a satisfaction and release of the mortgage on the margin of the record. The case of Ogle v. Turpin, 102 Ill. 148, seems very clearly to be in accord with that view. In 2 Jones on Mortgages, 290, § 814, that author says:

"After discharge by a mortgagee who has transferred the mortgage notes before maturity, a subsequent mortgagee or purchaser in good faith and without notice of the unauthorized discharge of the mortgage is entitled to rely upon the record. By the weight of authority, a subsequent assignee of the mortgage or a subsequent mortgagee or purchaser of the mortgaged premises, taking in good faith and for value in reliance upon the mortgagee's apparent ownership and discharge of the security, is protected against the claims of a prior assignee of which he had no knowledge."

Many cases are cited in support of this text, showing that, as a matter of notice to subsequent purchasers, it is immaterial whether the record shows that the note secured is negotiable or nonnegotiable. Very clearly, the question does not involve the rights of a holder in due course of negotiable paper under the law merchant, or the Negotiable Instruments Act (Code 1923, § 9029 et seq.), but only the *effect* of the paper as visible notice to a subsequent purchaser that it may have been transferred.

Whatever its character, we think that knowledge merely that it has existed is not notice that it has been transferred by the mortgagee, in the face of his assertion of record that it has been paid and satisfied.

[7] But the bill of complaint exhibits no such case as we have above discussed. On the contrary, it shows that complainant knew of the existence of the mortgage *unsatisfied*, prior to its purchase as mortgagee, that it furnished the money for its payment, and indeed that it "paid the mortgage by paying the man that the records of Franklin county, Ala., showed to be the owner," and that the entry of satisfaction and release was made upon the mortgage record after such payment of the debt. These circumstances bring this aspect of the case within the operation of a different rule:

"The mortgagor or other person paying the mortgage and taking the discharge is bound to know that, if the mortgagee has indorsed the notes before maturity to a bona fide holder, the mortgagee has no longer authority to satisfy the mortgage; and therefore the person taking the discharge is bound to ascertain whether the mortgagee still held the notes at the time he discharged the mortgage. The notes in such case become the evidence of the

mortgagee's authority to enter satisfaction of the lien." 2 Jones on Mortgages, 290, § 814.

The case of Keohane v. Smith, 97 Ill. 156, differs from the instant case only in the circumstance that there the payment of the mortgage note and the taking of the release from the mortgagee occurred *before* the maturity of the debt, a factor which we think is wholly irrelevant to the otherwise well-reasoned conclusion of the opinion; for certainly there is as much duty and need, and at least equal opportunity, to demand the production and surrender of the note in the one case as in the other.

The argument of counsel for complainant, at least in part, is based upon two erroneous assumptions—one, that the mortgage note was not a part of the mortgage, and hence was not a proper matter for record, and could not operate as notice; and, the other, that the note, assuming that it is properly a part of the mortgage record, appears not to be a negotiable note, because the mortgage deed secures, besides the note, any other uncertain indebtedness that might be contracted with the mortgagee.

[8, 9] Manifestly the note was a part of the mortgage, and its recordation as such was proper, and operated as constructive notice of its character; and it is perfectly clear that a provision that the mortgage conveyance should also be security for *other* debts does not affect the maker's obligation to pay the amount of the note precisely according to its terms. Extending the mortgage security to other contingent debts is a matter wholly apart from the payment of the note, and in no wise affects its negotiability.

For the reasons heretofore stated, the decree sustaining the demurrer to the bill of complaint will be reversed, and a decree will be here rendered overruling the demurrer, and the cause will be remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.