### BRANSCOMB v. FEDERAL LAND BANK OF NEW ORLEANS et al.   (7 Div. 653.)

(Supreme Court of Alabama.   June 17, 1926. Rehearing Denied Nov. 11, 1926.)

1. **Mortgages ☞249(2)—Purchaser, knowing of outstanding mortgage, paying record owner, is not a bona fide purchaser against holder in due course of notes secured by mortgage, though record gave no notice of negotiability of notes.**

Purchaser knowing of prior outstanding mortgage, paying mortgage to record owner, is not a bona fide purchaser, as against one to whom notes secured by mortgage were negotiated by mortgagee, regardless whether record of mortgage gave notice that notes were negotiable or not.

2. **Mortgages ☞249(3)—Mortgagee furnishing funds to pay prior outstanding mortgage does not acquire rights superior to assignee holding negotiable note and mortgage by paying record owner and having satisfaction entered on record.**

Where mortgagee, knowing that prior mortgage assigned to plaintiff had not been paid, furnished funds to pay mortgage and simultaneously had satisfaction of mortgage made of record by one shown by record to be proper party to enter satisfaction, mortgagee does not acquire rights superior to plaintiff, a holder in due course, of negotiable note and mortgage, whether record shows negotiability of note or not.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by L. C. Branscomb against the Federal Land Bank of New Orleans and others. From a decree sustaining demurrer of the named respondent to the bill, complainant appeals. Reversed and remanded.

See, also, 213 Ala. 567, 105 So. 585.

The original bill, filed against J. H. Wilson, George P. Kyser, as trustee in bankruptcy of said Wilson, Mrs. B. J. Calhoun, and the Federal Land Bank of New Orleans, alleged that on February 9, 1920, J. H. Wilson was indebted to complainant and executed his note to complainant to secure the same; that on February 28, 1920, the respondent Calhoun became indebted to said Wilson and executed to Wilson her note secured by a mortgage on lands in Calhoun county, which mortgage was filed for record and recorded in the office of the probate judge of said county; that thereafter, and before maturity, Wilson transferred to complainant the note and mortgage executed to Wilson by respondent Calhoun to secure Wilson's note to complainant. By paragraph 3 it was alleged that on February 15, 1923, the respondent Calhoun became indebted to the respondent Federal Land Bank and executed to said bank a mortgage on the lands embraced in her mortgage to Wilson; that the respondent Land Bank has adver-

---

tised said lands for sale under the mortgage to it, and unless restrained will sell said lands. It was further alleged that on the margin of the record of the mortgage from Calhoun to Wilson there appears this indorsement:

"Satisfaction having been received of that certain mortgage signed by B. J. Calhoun to J. H. Wilson, and recorded in Book 231, p. 417, of the records of Calhoun county, Alabama, I hereby cancel same of record. J. H. Wilson."

And it was averred that at the time Wilson made such indorsement on the record he had no right to receive payment by reason of his transfer of said note and mortgage to complainant, which were at the time the property of complainant, and which are paramount to the mortgage of the respondent Land Bank. It was further shown that the note from Wilson to complainant and the note from Calhoun to Wilson are still unpaid, and that Wilson, subsequent to these transactions, became a bankrupt.

The prayer of the bill was that the lien of the mortgage from Calhoun to Wilson, and transferred by Wilson to complainant, be declared superior to any right, title, or interest of any of the respondents in or to the lands involved, and that the same be sold for the payment of the indebtedness due by Wilson to complainant.

After remandment of the cause complainant amended his bill by adding the following to paragraph 3 thereof:

"Complainant further charges that on the 15th day of February, 1923, and prior thereto, said defendant Federal Land Bank of New Orleans, its attorneys, officers, or servants who negotiated the loan to B. J. Calhoun described in section 3 of the original bill of complaint, knew that the mortgage given by the respondent B. J. Calhoun to the respondent J. H. Wilson, described in section 2 in the original bill of complaint, had not been paid, and that the money which the Federal Land Bank of New Orleans loaned to the said B. J. Calhoun, on, to wit, the 15th day of February, 1923, and to secure which the mortgage given by B. J. Calhoun to the Federal Land Bank of New Orleans, described in this section of the amended bill of complaint, was for the purpose of paying off the said mortgage given by the said B. J. Calhoun to the said J. H. Wilson, described in the second section in the original bill of complaint.

"The complainant further avers that the money or check or other thing which the Federal Land Bank of New Orleans let the said B. J. Calhoun have under the mortgage described in the third paragraph of this amended bill of complaint was turned over by the agents, servants, or attorneys or officers of the Federal Land Bank of New Orleans to the said J. H. Wilson for the purpose of discharging said mortgage mentioned in the second section of the original bill of complaint, and for the purpose of paying off the same, and that simultaneously with the turning over of the said money or funds to the said J. H. Wilson the said J. H. Wilson entered upon the margin of the record of the mortgage described in the second section of this bill of complaint, the words: "Satisfaction having been received of that certain mortgage signed by B. J. Calhoun to J. H. Wilson, and recorded in book 231, p. 417, of the records of Calhoun county, Alabama, I hereby cancel same of record. J. H. Wilson.'

"Complainant further avers that this is the only money or funds which the said B. J. Calhoun, or any one else, gave to the said J. H. Wilson in payment of and satisfaction of the mortgage described in section 2 of the original bill of complaint."

S. W. Tate, of Anniston, for appellant.

Only the holder of a negotiable paper is entitled to make collection thereof. Payment to the payee after negotiation is void, and no notice of assignment need be given. A person making payment is bound at his peril to pay to him who is in position to surrender the mortgage. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88; Sherrill v. M. & M. Bank, 195 Ala. 175, 70 So. 723; 8 C. J. 588.

Merrill, Field & Allen, C. H. Young, and Rutherford Lapsley, all of Anniston, and Goodwyn & Goodwyn, of Montgomery, for appellees.

Unless respondent had notice of the existence of the negotiable instrument which the mortgage secured, he was not bound to make inquiry as to whether or not the mortgagee still held the note at the time he discharged the mortgage. The amended bill does not allege that the record of the mortgage showed the existence of the negotiable note. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70.

PER CURIAM. This is the second appeal in this cause. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585.

Upon remandment of the cause following a reversal of the former decree on demurrer, the bill was amended in material respects, the salient features of which amendment, in connection with a brief synopsis of the original bill, appear in the report of the case. From a decree sustaining demurrers to the bill as amended, complainant prosecutes this appeal.

The opinion upon former appeal rested upon the assumption that the respondent Federal Land Bank was an innocent subsequent mortgagee by reason of its reliance upon the record satisfaction of the mortgage made by one shown by the record to be the proper

person to enter such satisfaction. But the amendment to the bill makes an entirely different case.

It is now made to appear that the record was not so satisfied and reliance had thereon at the time of the negotiation of the loan, but that the Federal Land Bank knew the mortgage executed to Wilson by Calhoun and transferred to complainant had not been paid, furnished the funds out of the loan with which to pay the same, and in fact that such funds were paid by said bank to Wilson in payment thereon, whereupon and simultaneously therewith said Wilson entered satisfaction of the indebtedness upon the margin of the record. That the bill shows complainant the holder in due course for value before maturity of the negotiable note and the mortgage which secures the same, both of which had been duly transferred to complainant, is not questioned.

Counsel for appellee are impressed that the pivotal point in the case, adversely to the equity of the bill, is its failure to aver that the negotiable character of the note appeared upon the record or that the bank had notice thereof.

The result of this appeal, however, must turn upon the principle recognized in the recent case of Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88, and set out in the seventh headnote, as follows:

"Where complainant, prior to purchase, knew there was outstanding unsatisfied mortgage on the property, and paid mortgage to one shown to be record owner, entry of satisfaction and release being made subsequent to such payment, complainant could not claim to be bona fide purchaser against one to whom notes secured thereby were negotiated by mortgagee; complainant being bound to ascertain whether mortgagee still held the notes at time of payment."

[1, 2] The bill as amended is brought within the influence of this last noted authority, and the principle therein stated is applicable whether the record of the mortgage gave notice that the notes secured thereby were negotiable or not. That was immaterial.

"The person taking the discharge is bound to ascertain whether the mortgagee still held the notes at the time he discharged the mortgage. The notes in such case become the evidence of the mortgagee's authority to enter satisfaction of the lien." 2 Jones on Mortgages, § 814, p. 290, as quoted in Corinth Bank Case, supra.

This rule is recognized by the authorities generally.

"Payment without obtaining a surrender of the instrument is at the risk of the party making the payment, except where the instrument is nonnegotiable." 8 Corpus Juris, 581.

See, also, Sherrill v. Merchants' Bank, 195 Ala. 175, 70 So. 723.

The bill was not subject to the demurrer interposed.

Let the decree be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, MILLER, and BOULDIN, JJ., concur.