(118 So. 911)

## LEWIS v. CANNON. (7 Div. 487.)

Court of Appeals of Alabama. Nov. 27, 1928.

See, also, 216 Ala. 515, 113 So. 577.

A. E. Hawkins, of Ft. Payne, for appellant.

Wolfe's & Crawford, of Ft. Payne, for appellee.

· SAMFORD, J. <span>The questions presented by this appeal are settled against the contentions of appellant by the case of Royal Lumber Co. v. Ellsberry, 9 Ala. App. 478, 63 So. 785. We know of no law, and the appellant has cited us to none, which requires a record of the transfer of a mortgage in order to make it valid. We are familiar with Acts 1927, p. 496, which authorizes the recordation of certain conveyances and assignments and providing that when so recorded such registration is notice, etc. This statute is for the benefit of transferees and innocent purchasers, but has no effect upon the statutory penalty statute, Code 1923, § 9024, which must be strictly construed, and when so construed applies to legal holder of the mortgage at the time of payment, whether it be the original mortgagee or his transferee. After the mortgagee has transferred the mortgage, he has ·no right or power to mark the record satisfied. The case of Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585, has no application here. The demurrer to defend-</span>

ant's plea 2 was properly sustained. We find no error in the record, and the judgment is affirmed.

Affirmed.