(135 So. 434)

METROPOLITAN LIFE INS. CO. v. GUY.

4 Div. 537.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 25, 1931.

286

Powell, Albritton & Albritton, of Andalusia. for appellee.

Cabaniss & Johnston, of Birmingham, for appellant.

ANDERSON, C. J.

It is a well-settled general rule that one who purchases property from a mortgagor without any notice of a transfer of the note by the mortgagee will be protected as a bona fide purchaser when the record exhibits the entry of a satisfaction and release of the mortgage on the margin of the record. Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88; Branscomb v. Federal Land Bank, 215 Ala. 242, 110 So. 42.

These cases, however, recognize an exception to the general rule when the purchaser attempts to procure the settlement and

satisfaction of the existing mortgage as a condition precedent to the consummation of the loan or purchase, and require said purchaser to ascertain if the notes, which the mortgage has been given to secure, have been assigned. As to whether or not this exception has been abolished or affected by the Acts of 1927, page 503, we are not called upon to decide, as the transaction here involved was anterior thereto.

It is conceded, by counsel for the appellant, that, under the influence of these two cases, supra, the Jemison Company, who made the loan to Maynard and took a mortgage subsequent to the Knox mortgage, undertook to settle said Knox mortgage, and procure a satisfaction of same, should have ascertained whether or not the notes had been assigned and, failing to do so, did not become bona fide purchasers. Indeed, with commendable candor, they state that the one important question to be decided is whether or not this appellant, the Metropolitan Company, to whom the Jemison Company's mortgage was assigned, is a bona fide purchaser or stands in the shoes of said Jemison Company.

The contract between the Jemison Company and the Metropolitan Company has been introduced in evidence, and had the Maynard loan been made in strict compliance therewith, that is, had the Jemison Company actually loaned Maynard the money, closed the transaction, and then sold or assigned their notes and mortgage to the Metropolitan Company, we would have a different case to decide. But such was not the case, as negotiations were begun with the Metropolitan Company, when the Maynard application for the loan was made, looking to its approval and acceptance of the loan as a condition precedent to the consummation of the transaction. In other words, it is evident that the Jemison Company would not have made the loan had it not been approved and accepted by the Metropolitan Company. The application which was forwarded to the Metropolitan Company shows that the money was to be procured to satisfy the Knox mortgage and there can be little doubt that the said company relied upon the Jemison Company, as its agent, to see that said prior lien was settled and canceled before releasing the consideration and which new mortgage the Metropolitan Company had, in effect, agreed to accept upon a transfer of assignment from the Jemison Company, and said last company was its agent to this extent notwithstanding it may have been the agent of the borrower in negotiating the loan. Discarding form and getting down to substance, Maynard employed the Jemison Company to negotiate a loan for him for the purpose of settling the existing Knox mortgage, agreeing to pay a commission for doing so. The Jemison Company did not

then make him a loan for themselves, but, as agent or broker, submitted the application to the Metropolitan Company for its acceptance or rejection, meaning that, if it was accepted, the Jemison Company would take the papers in its own name, advance the amount less their commission, and see that the same went towards the settlement of the existing mortgage; the papers then to be assigned to the Metropolitan Company for their face value. This was but a circuitous route of lending the money to Maynard through the Jemison Company, who would get the commission charged and a guaranty to the Metropolitan Company of the title and genuineness of the security and, for this purpose and to this extent, the Jemison Company was the agent of the Metropolitan Company notwithstanding they may have been the agents for Maynard also in procuring the loan. The trial court did not err in charging the Metropolitan Company with notice acquired or that should have been acquired by the Jemison Company, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.