153 So. 185

## PRATT CITY SAV. BANK v. MERCHANTS' BANK & TRUST CO.

### 6 Div. 382.

Supreme Court of Alabama.
Jan. 11, 1934.

Rehearing Denied March 15, 1934.

Curry & Curry, of Carrollton, for appellant.

C. B. Verner and Foster, Rice & Foster, all of Tuscaloosa, for appellee.

GARDNER, Justice.

Complainant bank purchased in good faith a certain note and the mortgage on real estate given as security therefor, executed by one Holmes and wife to the Merchants' & Farmers' Bank of Gordo, for value and before maturity of the note, the negotiable character of which appears on the face of the mortgage, and the note and mortgage were

duly transferred and assigned to complainant.

The bill is to be construed to the effect that nothing concerning complainant's purchase or such assignments appeared of record. Subsequent to such purchase, and presumably of course after the maturity of the note, the mortgage, on the margin of the record thereof, was marked "satisfied" by the agent of the mortgagee bank under power of attorney, and thereafter the mortgagor and his wife executed and delivered to defendant Pratt City Savings Bank another mortgage on the same property to secure an indebtedness evidenced by note, which said mortgage has been duly foreclosed. Complainant seeks the foreclosure of its mortgage and a decree establishing the priority of the mortgage acquired by its assignment and transfer over the mortgage to defendant bank. There is no pretense that defendant had any character of notice as to the assignment of the note and mortgage to complainant, nor is the entire good faith of defendant's transaction in any manner questioned.

Under the general rule, therefore, defendant is to be treated as a subsequent bona fide purchaser from the mortgagor, which has, without notice of the assignment, parted with its money relying upon a cancellation made by the party shown by the record to be the proper party, and as such is protected against the equity of the assignee. Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585, 587; Metropolitan Life Ins. Co. v. Guy, 223 Ala. 285, 135 So. 434.

An exception to this general rule has been suggested when the mortgage (as in the instant case) shows upon its face the negotiable character of the note it secures, but that question has been here left undecided (Vann v. Marbury, 100 Ala. 438, 14 So. 273, 23 L. R. A. 325, 46 Am. St. Rep. 70; Hand v. Kemp, 207 Ala. 309, 92 So. 897; Federal Land Bank v. Branscomb, supra), and the authorities elsewhere appear to be in conflict. 2 Jones on Mortgages (8th Ed.) § 1030.

But this question was considered and discussed in Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88, 91, where the view was expressed that the reasoning of the Branscomb Case, supra, would lead to a like result though the satisfied mortgage disclosed it secured a negotiable note; the opinion concluding: "Whatever its character, we think that knowledge merely that it [the negotiable note] has existed is not notice that it has been transferred by the mortgagee, in the face of his assertion of record that it has been paid and satisfied."

The case of Ogle v. Turpin, 102 Ill. 148, is cited approvingly to like effect, and where it was held that the recording laws were to the manifest end that a purchaser or incumbrancer may rely on and be protected by a clear and regular title of record, unless affected by notice of secret adverse titles or liens. The Ogle Case proceeds upon the doctrine of comparative neglect of duty, and indicates that the assignment there involved could have been made in such formal manner and recorded so as to give notice—whether proper subject of record as actually prepared or not. There are authorities sustaining the view that a written assignment of a mortgage is a recordable instrument within acts providing for the registration of conveyances, as in section 6887, Code 1923. 19 R. C. L. 360.

But, however that may be, there can be no question that such an assignment of a mortgage on real estate could most appropriately have been prepared with formality to come within the recording statute, and the Ogle Case, supra, indicates such was the assignee's duty as to third persons who might innocently deal with the title as it appeared of record. Like thought was expressed by this court in the Branscomb Case, supra, where it was said: "By failure to take an assignment which is subject to record as other conveyances, the assignee of the note thus leaves the mortgagee the record owner, the actual owner of the legal title, placing him in position to defraud innocent parties. Where one of two innocent persons must suffer, it must be the one who has placed the other in position to be defrauded. The law does not presume fraud, and does not impose upon persons the duty to presume fraud, in the absence of circumstances of suspicion."

All doubt as to the record of such assignments is now removed by section 6854, Michie's Code 1928, which expressly provides therefor; but the entire transaction here involved occurred prior to the passage of this act (Gen. Acts 1927, p. 496), and is unaffected thereby.

In the instant case the mortgage was given as security for one note, both of which as a single transaction were assigned and transferred to complainant, and under such circumstances, based upon the reasoning above outlined from the Ogle Case, supra, it could make no material difference as between these parties whether the secured note was or was not negotiable, for in either event the duty of

formality of assignment for record purposes would be the same.

The discussion in the Branscomb and Corinth Bank & Trust Co. Cases, supra, discloses that the trend of modern judicial thought is to the protection of purchasers and incumbrancers who in good faith deal with property in reliance upon the disclosures of the public record, and the provisions of section 6854 and 6860 of the Code show that such likewise is the trend of legislative thought.

We are not unmindful of the fact that the result of the decision in the Corinth Bank & Trust Company Case, supra, did not turn upon this question. But it was one of the argued theories of the case, and the discussion was appropriate. The question evidently was given careful consideration, and though not of binding effect, the opinion in this respect is entitled to due weight. As applicable to the situation as here presented, and as hereinabove noted (and the holding is here so confined), we adopt the same as a correct rule, and so applied we conclude these assignments of the demurrer were well taken.

 Counsel for appellant seek, however, to differentiate this case from those herein discussed upon the theory the bill shows an unauthorized and void cancellation, and, therefore, ineffective even as against an innocent purchaser. 41 C. J. 812, 813.

But clearly the mortgagee was the proper party, so far as the record showed, to enter satisfaction, and the bill discloses the entry made on the margin of the record "by J. H. Curry as the agent of said Bank of Gordo under a power of attorney." That this will suffice for the purpose in hand, see cases cited in note 96 of 41 C. J. 813.

The bill seeks, aside from the matter of priority of its interest in the land, a foreclosure of complainant's mortgage, and the suggestion in brief is that as the demurrer by the defendant bank is interposed to the bill as a whole and not to that particular aspect of priority, it was properly overruled. Doubtless under the rule here established, so far as the questions thus far discussed are concerned, an affirmance of the decree would follow. Roberts v. Ferguson, 226 Ala. 594, 147 So. 894.

But this defendant interposed an assignment of demurrer taking the point that the Merchants' & Farmers' Bank of Gordo, complainant's assignor of the mortgage, was a necessary party to the cause. This assignment was made an exhibit to the bill, and makes no pretense of a conveyance of the legal title to the property, but merely a transfer of the note and mortgage. It is the established rule in this jurisdiction that where a bill is filed by the assignee of a mortgage for the foreclosure of the same, his assignor, in whom the legal title to the land rests, is a necessary and indispensable party. Langley v. Andrews, 132 Ala. 147, 31 So. 469; Perkins, Livingston & Post v. Brierfield, 77 Ala. 403: Rountree v. Satterfield, 211 Ala. 464, 100 So. 751; Crawford v. Chattanooga Savings Bank, 201 Ala. 282, 78 So. 58; Federal Land Bank v. Branscomb, supra.

This assignment of demurrer was due to be sustained.

The decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.