157 So. 486

### BLALOCK v. WINDHAM et al.
### 4 Div. 773.

Supreme Court of Alabama.

Nov. 15, 1934.

Halstead & Halstead, of Headland, for appellant.

O. S. Lewis and W. L. Lee, both of Dothan, for appellees.

414

ANDERSON, Chief Justice.

 Bill by the assignee of a senior mortgagee to have his lien declared superior to that of a junior mortgagee or its assignee. The bill as last amended, while showing that the complainant is the assignee of the senior mortgagee, Mills, shows that when the mortgage was taken by the Guaranty Savings & Loan Association July 3, 1928, there was a satisfaction or acknowledgment of the payment of the mortgage upon the record by Mills, the mortgagee. There is nothing in the bill to charge the Guaranty Company with notice that Mills had assigned the mortgage to the complainant, Blalock, before entering the satisfaction on the record. In other words, from aught appearing, the Guaranty Company had the right to rely upon the record when taking its mortgage and became an innocent purchaser. Gen. Acts 1927 (Regular Session) p. 503; Metropolitan Life Ins. Co. v. Guy, 223 Ala. 285, 135 So. 434; Federal Land Bank v. Branscomb, 213 Ala. 567, 105 So. 585; Burns v. Burns, 228 Ala. 61, 152 So. 48; Pratt City Sav. Bank v. Merchants' Bank & Trust Co., 228 Ala. 251, 153 So. 185.

It is urged, however, that the satisfaction in question is no protection to the Guaranty Company because not acknowledged or attested according to the formalities required by section 9023 of the Code of 1923. It is sufficient to say that the requirements there provided apply only to satisfactions in response to the demand made and not the voluntary entry of the satisfaction of the mortgage. Burns v. Burns, supra; Sullivan v. Williams, 210 Ala. 363, 98 So. 186, 33 A. L. R. 147.

The bill also seeks a personal decree, in the alternative, against Mills by way of damages for the wrongful entry of the satisfaction of the record after assigning the mortgage to the complainant. It may be conceded that Mills was a proper, if not a necessary, party, and that a court of equity, when acquiring jurisdiction, has the power to adjust all matters growing out of the transaction, but there must be an equity to confer jurisdiction, and we discover none under either phase of the bill. The bill discloses no equity against the holder of the Guaranty Company's mortgage and fails to charge one against Mills.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.