554 So.2d 1003 (1989)
SIXTY ST. FRANCIS STREET, INC., and Cleveland A. Rivers, Sr.
v.
AMERICAN SAVINGS AND LOAN ASSOCIATION OF BRAZORIA COUNTY.
88-1470.
Supreme Court of Alabama.
November 3, 1989.
As Modified on Denial of Rehearing December 15, 1989.
Richard E. Shields, Mobile, for appellants.
W. Lloyd Copeland of Clark, Deen & Copeland, Mobile, and Thomas H. Brown, Birmingham, for appellee.
STEAGALL, Justice.
On November 8, 1985, Cleveland A. Rivers, Sr., purchased from his son certain real property that was subject to a mortgage to First American Mortgage Company, Inc. (hereinafter "First American"), of Baltimore, Maryland. To consummate the transaction, Rivers borrowed $9,300 from Thames, Jackson, Harris Company, Inc., and executed a mortgage to Sixty St. Francis Street, Inc. Thames, Jackson, Harris Company delivered a check in the amount of $8,099.56 (representing the unpaid balance and accumulated interest) to First *1004 American on November 12, 1985, on behalf of Sixty St. Francis Street as mortgagee. Unbeknownst to Rivers, Sixty St. Francis Street, or Thames, Jackson, Harris Company, First American had assigned its mortgage to American Savings and Loan Association of Brazoria County (hereinafter "American Savings"), a Texas corporation, on September 10, 1985, prior to Rivers's purchase of the property from his son; the assignment was not recorded until December 10, 1985. First American subsequently declared bankruptcy and refused to refund the money.
On January 20, 1986, Sixty St. Francis Street, mistakenly assuming that the prior check to First American in November 1985 had not been negotiated, sent checks to American Savings, which, being apprised of the situation, returned the checks to Sixty St. Francis Street and agreed to help recover the money from First American.
Sixty St. Francis Street and Rivers sued for a declaratory judgment on September 27, 1988, alleging that American Savings was negligent[1] in failing to give actual or constructive notice of the assignment prior to December 10, 1985. The complaint sought a judgment declaring the property free of any mortgage, note, or other encumbrance, as well as a release of the mortgage held by American Savings. The trial court entered a summary judgment in favor of American Savings on March 3, 1989.
The decisive issue is whether the assignee of a mortgage is required to file a record of the assignment, as against a bona fide purchaser, in order to give constructive notice of the conveyance. The applicable statute, Ala.Code 1975, § 35-4-51, has its origin in a 1927 statute and is discussed in two early Alabama cases, Metropolitan Life Ins. Co. v. Guy, 223 Ala. 285, 135 So. 434 (1931), and Pratt City Sav. Bank v. Merchants' Bank & Trust Co., 228 Ala. 251, 153 So. 185 (1934), both of which involved facts that occurred prior to the passage of the 1927 act. Section 35-4-51 provides, in pertinent part:
"[A]ll deeds, mortgages, deeds of trust, bills of sale, contracts or other documents purporting to convey any right, title, easement, or interest in any real estate or personal property and all assignments of mortgages, deeds of trust or other securities for debt or extension agreements with respect thereto, when executed in accordance with law, shall be admitted to record in the office of the probate judge of any county. Their filing for registration shall constitute notice of their contents."
This is almost identical to the 1927 act, which is referred to in Metropolitan Life Ins. Co.:
"It is a well-settled general rule that one who purchases property from a mortgagor without any notice of a transfer of the note by the mortgagee will be protected as a bona fide purchaser when the record exhibits the entry of a satisfaction and release of the mortgage on the margin of the record. Federal Land Bank v. Corinth Bank & Trust Co., 214 Ala. 146, 107 So. 88 [1926]; Branscomb v. Federal Land Bank, 215 Ala. 242, 110 So. 42 [1926].
"These cases, however, recognize an exception to the general rule when the purchaser attempts to procure the settlement and satisfaction of the existing mortgage as a condition precedent to the consummation of the loan or purchase, and require said purchaser to ascertain if the notes, which the mortgage has been given to secure, have been assigned. As to whether or not this exception has been abolished or affected by the Acts of 1927, page 503, we are not called upon to decide, as the transaction here involved was anterior thereto." 223 Ala. at 286-87, 135 So. at 434-35 (emphasis added).
Although Pratt City Sav. Bank was not decided on the basis of the 1927 act, that case settled the question that was posed *1005 but not answered in Metropolitan Life Ins. Co. Quoting Federal Land Bank v. Branscomb, 213 Ala. 567, 569, 105 So. 585, 587 (1925), Pratt City Sav. Bank discussed an assignee's duty to bona fide purchasers:
"[T]here can be no question that such an assignment of a mortgage on real estate could most appropriately have been prepared with formality to come within the recording statute, and the Ogle Case [Ogle v. Turpin, 102 Ill. 148 (1882) ] indicates such was the assignee's duty as to third persons who might innocently deal with the title as it appeared of record. Like thought was expressed by this court in the Branscomb Case, supra, where it was said: `By failure to take an assignment which is subject to record as other conveyances, the assignee of the note thus leaves the mortgagee the record owner, the actual owner of the legal title, placing him in position to defraud innocent parties. Where one of two innocent persons must suffer, it must be the one who has placed the other in position to be defrauded. The law does not presume fraud, and does not impose upon persons the duty to presume fraud, in the absence of circumstances of suspicion.'
"All doubt as to the record of such assignments is now removed by [the 1927 act], which expressly provides therefor; but the entire transaction here involved occurred prior to the passage of this act (Gen. Acts 1927, p. 496), and is unaffected thereby.
"....
"The discussion in the Branscomb and Corinth Bank & Trust Co. Cases, supra, discloses that the trend of modern judicial thought is to the protection of purchasers and incumbrancers who in good faith deal with property in reliance upon the disclosures of the public record, and the provisions of section 6854 and 6860 ["Record of conveyance operates as notice"] of the Code [1923] show that such likewise is the trend of legislative thought.

"We are not unmindful of the fact that the result of the decision in the Corinth Bank & Trust Company Case, supra, did not turn upon this question. But it was one of the argued theories of the case, and the discussion was appropriate. The question evidently was given careful consideration, and though not of binding effect, the opinion in this respect is entitled to due weight. As applicable to the situation as here presented, and as hereinabove noted (and the holding is here so confined), we adopt the same as a correct rule...."
228 Ala. at 252-53, 153 So. at 186-87 (emphasis added).
The clear import of these cases is that unrecorded assignments are void as to bona fide purchasers without notice. Applying the interpretation of the recording statute by Pratt City Sav. Bank, Metropolitan Life Ins. Co., and Federal Land Bank v. Branscomb to these facts, we conclude that summary judgment for American Savings was inappropriate.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
STEAGALL, Justice.
APPLICATION OVERRULED; OPINION MODIFIED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
NOTES
[1] Although American Savings argues that the suit is barred by the two-year statute of limitations for negligence actions, we find that the case sounds in contract and that it is, thus, not time-barred.